**STATE of Iowa, Appellee,**

v.

**Michael T. KLATT, Appellant.**

No. 94–1557.

Court of Appeals of Iowa.

Dec. 22, 1995.

Kent A. Simmons, Davenport, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Scott D. Brown, Assistant County Attorney, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

HAYDEN, Presiding Judge.

On the evening of October 7, 1993, Michael Klatt attempted to pass two semitrailer trucks while driving south on Highway 61 near Muscatine. Klatt's Ford Bronco collided head on with a Lincoln Town Car in the northbound lane. The Town Car's driver, Ray Cummings, died as a result of the accident.

The State charged Klatt with vehicular homicide. Because neither alcohol nor drugs was a factor in the accident, the charge accused Klatt of driving his motor vehicle "in a reckless manner with willful or wanton disregard for the safety of persons or property." Iowa Code § 321.277. Klatt filed a motion to dismiss and a motion for adjudication of law points. He claimed the mere allegation he improperly passed in a no passing zone was insufficient as a matter of law to establish the element of recklessness or willful/wanton disregard for the safety of persons or property. The district court denied the motions.

Klatt's case proceeded to a jury trial. The State produced two witnesses who testified Klatt began his pass in a no passing zone. The State also introduced evidence Klatt had gone down a hill, through part of an S-curve, and over a bridge in attempting to pass the semis. Although Klatt was a little late for an auction when he attempted to pass, time was not a major concern. Evidence indicates Klatt saw a clear path when he began to pass and could not see Cumming's car approaching before the collision. Evidence also shows, and the State admits, Klatt was not traveling at a high rate of speed. Furthermore, he "peeked out" a couple times before passing the vehicles.

The district court denied Klatt's motion for judgment of acquittal. The jury found Klatt guilty as charged. The district court entered judgment and sentenced Klatt to a prison term not to exceed ten years. Klatt appeals, contending the mere evidence of passing in a no passing zone is insufficient as a matter of law to show recklessness.

## I. Standard of Review.

Our standard of review is well settled. A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980).

## II. Sufficiency of the Evidence.

Klatt was charged with violating Iowa Code section 707.6A(1)(b) (1993), which provides:

A person commits a class "C" felony when the person unintentionally causes the death of another by ... [d]riving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.

Section 321.277 provides:

Any person who drives any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving.

With regards to the definition of recklessness, our supreme court has held a violation of a rule of the road is not by itself enough to prove recklessness. *State v. Cox*, 500 N.W.2d 23, 26 (Iowa 1993).

Two cases impact our decision in this case: *State v. Cox*, 500 N.W.2d 23 (Iowa 1993), and *State v. Conyers*, 506 N.W.2d 442 (Iowa 1993). In *Cox*, the defendant was charged with and convicted of vehicular homicide under the recklessness alternative. *Cox*, 500 N.W.2d at 23–24. Defendant admitted he dozed off as he was driving and ran a stop sign, colliding with another vehicle. *Id.* at 25. As a result, the driver of the other car was killed. *Id.* at 23. The district court looked at several factors in its denial of defendant's motion for judgment of acquittal. *Id.* at 25. These included: there were rumble strips before the stop sign; there was an unobstructed view to the south and east;

there was a stop sign at the intersection; the defendant should have seen the stop sign and should have known he had to yield; the defendant was familiar with the road; and, the defendant ran the stop sign at a rather substantial speed. *Id.*

Despite these factors, our supreme court reversed the conviction holding the element of recklessness had not been proven by the State. *Id.* at 26. The court held the defendant was entitled to a judgment of acquittal because there was no indication the defendant was speeding or operating his truck in an erratic manner, or was otherwise acting in a reckless fashion at the time of the collision. *Id.* at 26. The court stated:

> There was no evidence that Cox was speeding or operating his vehicle in an erratic manner. The fact that rumble strips and a "stop ahead" sign preceded the stop sign, does not elevate the stop sign violation from a simple misdemeanor to a class "C" felony.

*Id.*

Our supreme court, on the other hand, upheld a conviction of vehicular homicide where the defendant failed to stop at a stop sign and killed a pedestrian. *State v. Conyers,* 506 N.W.2d 442, 445 (Iowa 1993). In *Conyers,* an investigation of the accident revealed the brakes to the defendant's vehicle failed completely when the defendant attempted to stop at the intersection where the pedestrian was killed. *Id.* at 443. In *Conyers,* witnesses testified the defendant was traveling at a speed ten miles per hour in excess of the limit. *Id.* More importantly, however, the defendant *knew* the brakes were not working. *Id.* at 443–44. On the morning of the accident, the defendant told someone the truck could not be driven because it did not have any brakes, there was a metal grinding sound, and it was not holding brake fluid. *Id.* Additionally, the defendant was warned not to drive the truck because of the condition of the brakes. *Id.* at 444.

■ We determine *Cox,* rather than *Conyers,* is controlling in this case and, therefore, reverse Klatt's conviction. The evidence presented in this case does not indicate a consciousness of guilt for the crime of vehicular homicide. *See Cox,* 500 N.W.2d at

26. The State admits Klatt was not driving at an excessive rate. Unlike the defendant in *Conyers,* there was no evidence Klatt was speeding, operating his vehicle in an erratic manner, or consciously disregarding the safety of others. *See Conyers,* 506 N.W.2d at 443–44. Witnesses testified Klatt saw a clear path when he began to pass and was not able to see Cummings' car approach. Evidence indicates Klatt "peeked out" a couple times before passing to assure the path was clear before attempting to pass.

It was the State's burden to prove Klatt was driving in a reckless manner. *Cox,* 500 N.W.2d at 26. The evidence, however, only indicates Klatt attempted to pass vehicles in a no passing zone as prohibited by Iowa Code section 321.304. Klatt's actions amounted only to a violation of the rules of the road. Our supreme court has clearly held a violation of a rule of the road is not by itself enough to prove recklessness. *Id.* As such, the fact Klatt continued his attempt to pass in a no passing zone does not elevate the violation from a simple misdemeanor to a class "C" felony. *See id.* We reverse Klatt's conviction of vehicular homicide and remand for entry of judgment of acquittal on this charge.

**REVERSED AND REMANDED.**