**STATE of Iowa, Appellee,**

v.

**Russell John ABBAS, Appellant.**

No. 95–2106.

Supreme Court of Iowa.

March 26, 1997.

James L. Beres of Sween Law Office, Eldora, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and Richard Dunn, County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Defendant, Russell John Abbas, appeals from his conviction for homicide by vehicle. He challenges the sufficiency of the evidence to prove he was driving recklessly. The State contends he has not preserved error on this claim. We affirm.

On June 13, 1995, defendant was driving around Iowa Falls. His passengers reported he was speeding and causing his tires to squeal and smoke. Defendant traveled southbound on a highway at rates of speed between seventy and ninety miles per hour, and he attempted to pass at least two cars in a no-passing zone. The pass was attempted at the crest of a hill where visibility was obscured. Defendant swerved toward the southbound vehicles as he passed them, and he did not attempt to pull back into his lane when he saw oncoming northbound traffic. The driver of one oncoming vehicle swerved out of defendant's way, but another driver, who also attempted to swerve, lost control of his vehicle and struck one of the southbound vehicles and its driver was killed. Although he was aware an accident had occurred, defendant did not stop and traveled on gravel roads to avoid being seen by authorities.

Defendant was subsequently charged with homicide by vehicle in violation of Iowa Code section 707.6A(1)(b) (1995).[1] At trial, defendant waived his right to a jury trial and agreed to the submission of his case on the minutes of testimony. The court found defendant guilty as charged.

On appeal, defendant challenges the sufficiency of the evidence to support his conviction. The State contends defendant has not preserved error since he did not move for judgment of acquittal at trial. The State alternatively argues there was sufficient evidence to support the conviction.

Defendant concedes he made no motion for judgment of acquittal, but he argues it would exalt form over substance to require such a motion in a bench trial where the entry of a guilty verdict by the court necessarily includes a finding that the State has presented sufficient evidence.

I. *Error Preservation.*

A motion for judgment of acquittal is a means for challenging the sufficiency of the evidence to sustain a conviction. *State v. Allen,* 304 N.W.2d 203, 206 (Iowa 1981). Motions for judgment of acquittal are governed by Iowa Rule of Criminal Procedure 18(8), the language of which presumes the existence of a jury trial.[2] The purpose of such a

---

1. Iowa Code § 707.6A states in pertinent part:

    A person commits a class "C" felony when the person unintentionally causes the death of another by any of the following means:

    ....

    *b.* Driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277.

    Iowa Code § 707.6A(1)(b).

2. Iowa Rule of Criminal Procedure 18 states in pertinent part:

    *a. Motion before submission to jury.* The court on motion of a defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecuting attorney is not granted, the defendant may offer evidence without having waived his or her right to rely on such motion.

motion is to provide the court with an opportunity to ensure that there is sufficient evidence to support the submission of the case to the jury which serves as the fact finder. In a bench trial, the court is the fact finder and its finding of guilt necessarily includes a finding that the evidence was sufficient to sustain a conviction.

■ No valid purpose would be served by requiring a defendant to make a motion for judgment of acquittal in the context of a criminal bench trial. In civil proceedings tried to the court, a party may raise an appellate challenge to the sufficiency of the evidence without having objected to it by prior motion. Iowa R. Civ. P. 179(b). We similarly hold that when a criminal case is tried to the court, a defendant may challenge the sufficiency of the evidence on appeal irrespective of whether a motion for judgment of acquittal was previously made. To the extent *State v. Heidebrink*, 334 N.W.2d 344, 346 (Iowa App.1983), holds otherwise, it is disapproved.

## II. *Sufficiency of the Evidence.*

Defendant argues there was insufficient evidence to prove he drove with willful or wanton disregard for the safety of other persons or their property. He claims the evidence of recklessness was confined to the single traffic offense of prohibited passing which, alone, cannot support his conviction.

■ A district court's finding of guilt is binding upon us unless we find there was not substantial evidence in the record to support such a finding. *State v. Torres*, 495 N.W.2d 678, 681 (Iowa 1993). In determining whether there was substantial evidence, we view the evidence in the light most favorable to the State. *Id.* Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.* In determining if there was substantial evidence, we consider all of the evidence in the record, not just the evidence supporting a finding of guilt. *Id.*

■ A person drives recklessly when "they consciously or intentionally drive and they know or should know that by driving they create an unreasonable risk of harm to others." *State v. Conyers*, 506 N.W.2d 442, 444 (Iowa 1993). The offense of reckless driving contains three distinct elements: (1) the conscious and intentional operation of a motor vehicle; (2) in a manner which creates an unreasonable risk of harm to others; and (3) where such risk is or should be known to the driver. *Id.* It has previously been held an attempt to pass vehicles in a no-passing zone does not constitute reckless driving absent evidence of an excessive rate of speed, erratic operation of the vehicle, or a conscious disregard for the safety of others. *State v. Klatt*, 544 N.W.2d 461, 463 (Iowa App.1995); *see also State v. Cox*, 500 N.W.2d 23, 26 (Iowa 1993) (stop sign violation does not constitute vehicular homicide absent evidence of speeding or operation of vehicle in erratic manner).

■ Unlike the defendants in *Klatt* and *Cox*, this defendant's conduct involved more than a single traffic violation. His passengers reported he was speeding up to ninety miles per hour and illegally attempted to pass two vehicles despite the obscured visibility. In a conscious disregard for the safety of others, he did not abort his attempted pass when oncoming cars appeared. There was substantial evidence of defendant's recklessness.

■ Defendant also alludes to a possible proximate cause argument when he contends there was evidence the decedent's vehicle may have accelerated when defendant attempted to pass it. It is clear defendant's conduct was a "substantial factor" in bringing about the decedent's death, and this argument is without merit. *See State v. Travis*, 497 N.W.2d 905, 908 (Iowa App.1993) ("responsibility for criminal acts cannot be escaped merely because other factors contributed to the injury or death, provided

---

*b. Reservation of decision on motion.* If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the

jury returns a verdict or after it returns a verdict or is discharged without having returned a verdict.
Iowa R.Crim. P. 18(8).

those factors were not the sole proximate cause of death").

**AFFIRMED.**