# IN THE COURT OF APPEALS OF IOWA

No. 16-1105
Filed August 16, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFREY S. GUNDERSEN,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

Jeffrey Gundersen challenges his conviction for theft in the fifth degree and obstruction of prosecution. **AFFIRMED.**

Drew H. Kouris, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Jeffrey Gundersen appeals from his convictions for theft in the fifth degree and obstruction of prosecution. Gundersen challenges the sufficiency of the evidence to support his conviction for obstruction of prosecution. Additionally, he claims he received ineffective assistance from trial counsel when counsel failed to ensure (1) Gundersen had a colloquy with the court before waiving his right to jury trials and (2) the court read the verdicts in open court.

## I. Background Facts and Proceedings

In January 2016, the State charged Gundersen by trial information with obstruction of prosecution. In a second, unrelated trial information—filed in March 2016—Gundersen was charged with theft in the fourth degree.[1] He filed written waivers of jury trial in both cases.

Each charge proceeded to a bench trial on April 28, 2016. The court heard the cases in separate back-to-back proceedings.[2]

During the trial for obstruction of prosecution, the State introduced evidence that on the morning of February 17, 2015, Rudolph Lucero stole Steven Walker's orange 2005 Dodge Ram truck. Steven testified that around 7:30 a.m. on the day in question, he had started his truck outside of his home—where he lived with his parents—to let it warm up before he put his daughters in it. Shortly after he walked away, he witnessed an individual (later determined to be Lucero)

---

[1] Gundersen was originally charged with theft in the fourth degree. *See* Iowa Code § 714.2(4) (2015) (property exceeding $200 but not exceeding $500). The court determined the stolen items had a reasonable value of less than $200 and found Gundersen guilty of theft in the fifth degree instead. *See id.* § 714.2(5) (property not exceeding $200).

[2] Gundersen claims the district court and counsel erred in certain procedural respects involving his theft trial, but he does not otherwise challenge the evidence introduced at trial. For that reason, we do not discuss the facts surrounding his conviction for theft.

jump into the truck and drive away. Steven chased the truck on foot for a short distance before deciding to return home to pursue the thief in another vehicle. Steven's father, Wesley Walker, picked him up in another vehicle, and they attempted to pursue the truck. While in the truck with his father, Steven called 911. In the audio from the 911 call, Steven can be heard panting as he relays the events to the dispatcher. Within a short period of time, Steven received a call from the local police alerting him his truck had been found but had been involved in an accident and was likely a total loss.

Steven's parents both testified Steven had not left the house between the hours of midnight and 7:30 a.m. when he went outside to start the truck. Both also corroborated Steven's account of what occurred on the morning of February 17, 2015.

The State introduced into evidence a notarized affidavit signed by Gundersen, in which Gundersen swore he "was present when Steven Walker of [Steven's address] lent Rudolph Lucero his 2005 orange Dodge Ram pickup on 2/17/2015." Gundersen admitted he signed the affidavit while he was in jail, and later testimony established that Gundersen and Lucero were housed in the same cell block on the date Gundersen prepared the affidavit. Lucero sent the affidavit to his attorney, who eventually showed it to the prosecutor in hopes she would drop the charges against Lucero. Lucero ultimately entered into a plea agreement with the State and pled guilty to the lesser offense of operating a motor vehicle without owner's consent.

Lucero testified from prison. Lucero stated he had seen Gundersen at a local gas station on the afternoon of February 17, 2015, while Lucero was waiting

for Steven to arrive. Lucero testified he was meeting Steven to sell him drugs, but he did not have the drugs on him, and the person selling to him did not want a second person at his home. According to Lucero, Steven gave him permission to take his truck to get the drugs and return; Steven called the cops when Lucero failed to return with the truck. Lucero did not testify he had told Gundersen he was there to buy or test drive Steven's truck.

Much of Lucero's testimony was in contrast with what Gundersen had told officers when he was questioned over the phone about the affidavit. Gundersen told the detective he was present when Steven was trying to sell his truck to Lucero and when he handed Lucero the keys. Gundersen also told him he had seen Steven and Lucero at the gas station between 12:30 p.m. and 1:00 p.m.

At trial, Gundersen's story of the event changed. He claimed that while he had seen Lucero at the gas station and spoken with him, he was approximately forty-five feet away from Steven and Lucero when they were talking, and although he witnessed them having a conversation, he could not hear what was being said. He claimed it was Lucero who told him Lucero had been given Steven's keys in order to test drive the vehicle. He again reiterated that this occurred in the afternoon. He testified he created the affidavit because he "believed it was true and correct to the best of [his] knowledge."

The district court did not render the verdicts in open court. Rather, on May 9, 2016, the district court filed two separate orders finding Gundersen guilty of obstruction of prosecution and theft in the fifth degree.

Gundersen filed a motion in arrest of judgment and motion for new trial in each case. The district court considered the motions before sentencing, in open

court. The court denied the motions and reiterated its determination Gundersen was guilty of both offenses. Gundersen was sentenced to a term of incarceration not to exceed two years for obstruction of prosecution and a term of incarceration of thirty days for theft. The court ordered the two terms to run concurrently.

Gunderson appeals.

## II. Discussion

### A. Sufficiency of the Evidence

Gundersen maintains there was not sufficient evidence to support his conviction for obstruction of prosecution, pursuant to Iowa Code section 719.3(1).[3] "We review challenges to the sufficiency of the evidence for correction of errors at law." *See State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). "We consider the evidence in the record 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.' We will, however, consider all evidence in the record, including evidence that does not support the verdict." *Id.* (citations omitted).

Here, the State had the burden to prove, "[Gundersen], with intent to . . . obstruct the prosecution . . . of [Lucero], knowingly . . . ma[de] available false evidence or furnishe[d] false information with the intent that it . . . be used in the

---

[3] Gundersen also challenges the sufficiency of the evidence under the guise of an ineffective-assistance-of-counsel claim. Counsel had no duty to move for a judgment of acquittal during the bench trial. *See State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997) ("No valid purpose would be served by requiring a defendant to make a motion for judgment of acquittal in the context of a criminal bench trial. . . . We similarly hold that when a criminal case is tried to the court, a defendant may challenge the sufficiency of the evidence on appeal irrespective of whether a motion for judgment of acquittal was previously made."). Additionally, "'[w]hen . . . a [sufficiency-of-the-evidence] claim is made on appeal from a criminal bench trial, error preservation is no barrier.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (second alteration in original) (quoting *State v. Anspach*, 627 N.W.2d 227, 231 (Iowa 2001)).

trial of that case." *See* Iowa Code § 719.3(1). Specifically, Gundersen questions whether the State provided substantial evidence to establish his intent to hinder the prosecution of Lucero. He also maintains the affidavit would not have been admissible at Lucero's trial.[4]

First, in spite of Gundersen's claim otherwise, the State did not have to prove Gundersen's affidavit in fact obstructed the prosecution of Lucero. Similarly, while Gundersen maintains he cannot be guilty of obstruction of prosecution because his affidavit would not have been admissible in a trial against Lucero, that is also not a required element of the offense. The question is whether Gundersen *intended* for the affidavit to be used at Lucero's possible future trial, not whether it was or could have been used. Gundersen's payment of five dollars to a notary to have the document notarized establishes his intent for its use in an official setting; if his only intention was to impart information to Lucero's attorney, Gundersen could have done so without going the extra step and incurring the additional cost of having the document notarized. Viewing the evidence in the light most favorable to the State, the evidence establishes Gundersen intended for the affidavit to be used in Lucero's trial.

The evidence also establishes Gundersen intended to obstruct the prosecution of Lucero. While he claims we cannot infer such an intent from the evidence admitted at trial, it is the only reasonable inference that can be drawn

---

[4] Gundersen claims the affidavit would not have been admissible at trial and then cites a case in which our supreme court determined the State should not have been allowed to introduce affidavits because they were testimonial in nature, thus violating the defendant's right to confrontation. *See State v. Kennedy*, 846 N.W.2d 517, 527 (Iowa 2014). Those are not the facts presently before us. However, it is possible Gundersen's affidavit would not have been admitted at a future trial because it contained inadmissible hearsay. *See* Iowa R. Evid. 5.801(c) (defining hearsay).

from Gundersen's knowingly authoring a false statement about witnessing Steven Walker lend Lucero his truck. *See State v. Casaday*, 491 N.W.2d 782, 788 (Iowa 1992) (noting intent is usually proven "by circumstantial evidence and inferences reasonably drawn from the conduct of the defendant and from all the attendant circumstances in light of human behavior and experience"). At trial, Gundersen attempted to characterize his affidavit as a possible misunderstanding of what he witnessed occur between Steven and Lucero at the gas station on the afternoon in question, but as the district court found, "It would be impossible for Gundersen to have seen them on the afternoon of February 17, 2015, since the vehicle had been previously stolen and wrecked long before this alleged meeting took place."

Substantial evidence supports Gundersen's conviction for obstruction of prosecution.

### *B. Ineffective Assistance*

Gundersen raises two issues under the ineffective-assistance-of-counsel framework. To prove his claims of ineffective assistance of counsel, Gundersen must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). The claim fails if either prong is not proved. *Id.* When analyzing the prejudicial effect of multiple allegations of ineffective assistance of counsel, we "look to the cumulative effect of counsel's errors to determine whether the defendant satisfied the prejudice prong of the *Strickland* test." *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012) (referencing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "If an ineffective-

assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### 1. Waiver of Jury Trial

Gundersen claims counsel provided ineffective assistance when he failed to ensure Gundersen's waiver of a jury trial was knowing, voluntary, and intelligent and in compliance with Iowa Rule of Criminal Procedure 2.17(1). Gundersen argues this failure constitutes a structural defect and urges us to presume prejudice.

Rule 2.17(1) provides in part, "Cases required to be tried by a jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and *on the record* within [thirty] days after arraignment." (Emphasis added.) "On the record" means "an in-court colloquy with defendants who wish to waive their jury trial rights." *State v. Liddell*, 672 N.W.2d 805, 811–12 (Iowa 2003). Here, it is undisputed no in-court colloquy took place. But "[t]he fact that the requirements of rule 2.17(1) have not been met does not necessarily mean that a violation of the defendant's right to a jury trial has in fact occurred." *State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008). "The absence of an oral colloquy . . . does not necessarily prove that a defendant failed to understand the nature of the right waived by proceeding to a non-jury trial." *Id.* at 708. As instructed by our supreme court in *Feregrino*, we do not presume prejudice; Gundersen has the burden to establish he was actually prejudiced by his counsel's failure to obtain a jury-trial waiver that complied with the rule. *See* 756

N.W.2d at 708. The record presently before us is inadequate to make that determination. Therefore, we preserve Gundersen's claim for possible postconviction proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

### 2. Verdict in Open Court

Gundersen claims counsel provided ineffective assistance when counsel failed to ensure the court rendered its verdict in open court, pursuant to Iowa Rule of Criminal Procedure 2.17(2). Our supreme court has interpreted this provision "to require the court to reconvene the proceedings and announce its verdict in open court, unless the defendant has waived his or her right to receive the verdict in open court." *State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012). Gundersen urges us to conclude the failure to pronounce the verdict in open court is a structural error, requiring a new trial.

Our supreme court and the United States Supreme Court have held "the failure to provide a defendant with a public proceeding demands a remedy 'appropriate to the violation.'" *Id.* at 21 (citing *Waller v. Georgia*, 467 U.S. 39, 50 (1984)). Reading the verdict at a later date is an appropriate remedy. *See id.* ("The defendant is not entitled to further relief if the court later reads the verdict at sentencing."). Here, after the district court issued two written rulings finding him guilty, Gundersen filed a combined motion in arrest of judgment and motion for new trial. The court ruled on his motions in open court on the day of the sentencing hearing, stating:

> Well, as the parties know, I was the one who presided over the trials in regards to both causes in both cases. There was obviously evidence that was presented, video evidence that was

> presented, testimony that was presented in regards to both of these cases as well, and at that time I had the opportunity to assess the credibility of the witnesses, their testimony, the evidence that was presented, view the videos as well especially in regards to the theft case.
>
> In both cases in assessing, again, credibility of the witnesses, weighing all the evidence, I found at that time that the weight of the evidence supported the guilty verdict. I still find that at this point in time, and, as such, the Order that was previously issued by this Court finding you guilty, sir, of the charges of Theft in the Fifth Degree and in regards to the charge of Obstructing the Prosecution or Defense of a Case, those Motions are collectively overruled.

Because the court read its verdicts in open court before it sentenced Gundersen, Gundersen has not suffered prejudice. *See id.* (finding the court had remedied the issue of failing to pronounce judgment in open court when it recited its verdict after the defendant filed a combined motion in arrest of judgment and motion for new trial, and "[t]herefore, [the defendant] is not entitled to any further relief"). This claim of ineffective assistance fails.

We affirm.

**AFFIRMED.**