# IN THE COURT OF APPEALS OF IOWA

No. 16-2018
Filed September 27, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DAREN THOMAS LEIKVOLD,**
     Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Sioux County, Duane E. Hoffmeyer, Judge.


        Daren Leikvold appeals following his conviction of third-degree sexual abuse.  **AFFIRMED.**


        Martha M. McMinn, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Daren Leikvold appeals following his conviction of third-degree sexual abuse. He contends there is insufficient evidence to support his conviction. He also challenges the trial court's ruling on the admissibility of impeachment evidence. Because sufficient evidence supports Leikvold's conviction and the trial court acted within its discretion in ruling on the admissibility of impeachment evidence, we affirm.

**I. Background Facts and Proceedings.**

The State charged Leikvold with two counts of third-degree sexual abuse after a twelve-year-old child alleged that Leikvold had vaginal intercourse with her on two occasions. Leikvold waived his right to a jury. Following the bench trial, the district court found him guilty on one count of third-degree sexual abuse.

In reaching its verdict, the court noted the child "comes across as mature beyond her age." The court found that although the child "was interviewed several times during the investigation and was vigorously cross-examined for some length at the trial," she "consistently described two incidents where [Leikvold] placed his penis into her vagina, once in [Leikvold's bed] and another in the lower twin bunk bed in her room." The court acknowledged that the medical evidence was inconclusive and that there were "some inconsistencies" between the child's "statements, interviews, deposition testimony, and trial testimony." However, the court found that "despite the lengthy and vigorous trial cross-examination," the child's account was consistent in that "there was no deviation on the fact there was vaginal intercourse between herself and [Leikvold] that took place while her mother was gone on at least two occasions."

Ultimately, the court concluded the evidence showed beyond a reasonable doubt that Leikvold had vaginal intercourse with the child on the child's bed between October 29, 2015, and January 24, 2016," stating:

> The court finds [the child]'s testimony to be credible and believable. Her testimony is corroborated by the statement of [Leikvold] and her mother that on these occasions she and her sister were alone with [Leikvold]. [The child]'s mother testified she was not aware [Leikvold] was lying with [the child] and did not believe it to be appropriate behavior. [The child]'s mother, on at least one occasion in the living room, told [Leikvold] the placement of his hand for the photograph was inappropriate. [The child]'s mother testified to [Leikvold] looking at computer pornography that involved young individuals. [The child] testified that after vaginal intercourse [Leikvold], on one occasion, returned to his computer. All parties testified [Leikvold] would oftentimes be up late at night on his computer. It was [Leikvold] being up late at night and early morning that he said led to him lying with [the child] so as to make sure he would wake up in the morning. Most importantly, the court finds [the child]'s testimony is corroborated by the DNA findings of [Leikvold]'s sperm on the sheets of her bed. The court finds the evidence to be sufficient and there need not be independent corroboration of every element. The court finds [Leikvold]'s behavior and attitude towards [the child] could be viewed as grooming. The court finds [the child]'s cutting behavior could be the result of the inappropriate sex acts between herself and [Leikvold].

The court also found that while it was "reasonably certain a sex act occurred between [the child] and [Leikvold] in his bedroom," there was not proof beyond a reasonable doubt because "[t]he DNA corroboration is missing."

## II. Sufficiency of the Evidence.

Leikvold first contends there is insufficient evidence to support his conviction.[1] Specifically, he alleges that the DNA evidence was unreliable due to

---

[1] The State contends that, to the extent he alleges the trial court made insufficient findings, Leikvold failed to preserve error because he did not request the court amend its findings pursuant to Iowa Rule of Criminal Procedure 2.24(2)(c). In his reply brief, Leikvold states his challenge is to the sufficiency of the evidence to support his conviction rather than the sufficiency of the trial court's factual findings. Accordingly,

cross-contamination. With regard to the DNA evidence, the trial court found in relevant part:

> [Leikvold]'s sperm was found on the sheets of [the child]'s bed (Exhibit 7). The court heard no explanation for how [Leikvold]'s DNA would be found on the sheets of [the child]'s bed, absent vaginal intercourse as testified to by [the child]. . . . [The child]'s mother went to the residence after the investigation began and retrieved the sheets from both beds, placing them into the same bag. Defense questioning brought out whether there had been cross-contamination between the sheets. However, [Leikvold]'s sperm was not specifically identified on the sheets coming from his bed, which would go against any cross-contamination argument.

In a combined motion for new trial and in arrest of judgment, Leikvold alleged that the district court erred in finding his sperm was not identified on the sheets from his bed. Because his sperm was present on the sheets from his bed, which the child's mother placed in the same bag containing the sheets from the child's bed, he alleges the DNA found on the child's sheets may have been the result of cross-contamination. Because cross-contamination was possible, Leikvold argued the DNA evidence the court relied on in reaching its verdict is unreliable.

The district court denied the post-trial motions, finding "there is a <u>substantial record of evidence to support the charge</u> based upon the defendant's sufficiency-of-the-evidence argument." (Emphasis in original). The court also

---

error is preserved. *Compare State v. Anspach*, 627 N.W.2d 227, 231 (Iowa 2001) ("When [a sufficiency-of-the-evidence] claim is made on appeal from a criminal bench trial, error preservation is no barrier.") *with State v. Miles*, 346 N.W.2d 517, 519 (Iowa 1984) ("A defendant in a bench-tried criminal case who has not filed a motion for new trial seeking amendment or enlargement of the court's findings and conclusions cannot rely on appeal on the insufficiency of those findings and conclusions to support the court's decision so long as the evidence would support the necessary additional findings and conclusions.").

found the verdict is supported by the totality of the record and not contrary to the weight of the evidence.

In reviewing the sufficiency of the evidence to support a conviction in a jury-waived case, we apply the same standard that applies to cases tried to a jury. *See State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000).

> A district court's finding of guilt is binding upon us unless we find there was not substantial evidence in the record to support such a finding. In determining whether there was substantial evidence, we view the evidence in the light most favorable to the State. Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. In determining if there was substantial evidence, we consider all of the evidence in the record, not just the evidence supporting a finding of guilt.

*State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997) (internal citations omitted).

When viewed in the light most favorable to the State, substantial evidence supports the district court's verdict. The district court determined the child testified credibly when detailing her account of the sexual abuse. We defer to that finding. *See Weaver*, 608 N.W.2d at 804 ("Determinations of credibility are in most instances left for the trier of fact, who is in a better position to evaluate it."). Coupled with Leikvold's explanation as to why he shared the child's bed on occasion and other conduct noted by the district court, a rational fact finder could determine Leikvold's guilt beyond a reasonable doubt. Although the court cited the DNA evidence as the most important evidence corroborating the child's testimony, the possibility of cross-contamination does not nullify the evidence. Leikvold's spermatozoa was found on nine different stains on the child's sheet. Although a criminalist from the Iowa Department of Criminal Investigations testified that the method in which the sheets were collected led to "a slight

chance" of cross-contamination, whether cross-contamination occurred would involve "a lot of factors," like "the time frame, humidity, temperature," and whether the stains were wet or dry at the time the child's mother retrieved the sheets. He also testified there was no evidence showing cross-contamination had occurred. For instance, although Leikvold's DNA was found on both his sheet and the child's sheet, the child's DNA was only found on the child's sheet—not on Leikvold's.

Because substantial evidence supports the court's verdict, we affirm on this issue.

### III. Impeachment Evidence.

Leikvold also challenges the district court's ruling denying the admissibility of evidence that Leikvold sought to introduce to impeach the child at trial. The district court ruled the evidence was inadmissible because it was irrelevant and violated Iowa Rule of Evidence 5.412. Leikvold appeals from this ruling.

Generally, we review evidentiary rulings for an abuse of discretion.[2] *See State v. Belken*, 633 N.W.2d 786, 793 (Iowa 2001). An abuse of discretion occurs only when the district court exercises its discretion on clearly untenable grounds or to a clearly unreasonable extent. *See Knox*, 536 N.W.2d at 738.

A defendant may contradict and discredit an adverse witness by presenting impeachment evidence to contradict the witness's testimony. *See*

---

[2] Leikvold claims that in denying admission of the impeachment evidence, the district court limited his constitutional right to present a defense. A constitutional violation cannot occur on grounds the court refused to admit impeachment evidence unless the suppressed evidence is relevant to the charge; highly prejudicial evidence with tenuous relevance does not implicate a defendant's constitutional right to present a defense. *See State v. Knox*, 536 N.W.2d 735, 741 (Iowa 1995).

*State v. Turacek*, 456 N.W.2d 219, 224 (Iowa 1990). There are limits on impeachment evidence, however. *See id.* The evidence must be admissible for some purpose other than contradiction. *See id.* Evidence is admissible for non-collateral purposes if it is relevant to some legitimate issue in the case or if it pertains to the general credibility of the witness. *See id.*

Leikvold argues the impeachment evidence is relevant to the general determination of the child's credibility because it contradicted her testimony on cross-examination. Specifically, the child was asked if she had "read any novels that have sex in them," and she answered, "No." Leikvold moved to admit evidence of two fictional stories the child had written, which contain references to the characters having had sex. The evidence that the child had written stories with sexually active characters does not contradict her testimony that she had never read any novels that had sex in them. The child admitted she had written stories about sex before August of 2015. There was no need to admit the child's writings into evidence to impeach her testimony.

Defense counsel also argued that the evidence was relevant for impeachment purposes because the child told the forensic interviewer that she had never seen a man's penis or watched "porn." Counsel claimed the exhibits contradict the child's statements during the forensic interview because they show the child was knowledgeable about sex. However, the child's trial testimony differed from the statements she made during a forensic interview. At trial, the child admitted having seen a man's penis and having watched "porn." The court allowed counsel to ask the child about the discrepancy between her testimony and her statements during the forensic interview. It was not necessary to

introduce the exhibits themselves into evidence to impeach the child. Accordingly, the district court acted within its discretion in denying Leikvold's request to admit the exhibits into evidence.

We affirm Leikvold's conviction of third-degree sexual abuse.

**AFFIRMED.**