# IN THE COURT OF APPEALS OF IOWA

No. 21-1312
Filed February 22, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAUL V. DURAN-SIERRA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wright County, Colleen Wieland,

Judge.


        A defendant appeals his conviction for sexual abuse in the third degree.

**AFFIRMED.**


        Jane M. White of Gribble Boles Stewart & Witosky, Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

Saul Duran-Sierra appeals his conviction for third-degree sexual abuse.  He admits engaging in sex acts with G.S., a woman he was driving home, but asserts they were consensual.  The district court rejected that assertion, crediting G.S.'s testimony that she told him "no" and begged him to stop.  Duran-Sierra now contests the bench-trial verdict.  He also contends a pretrial delay of nearly two years denied him due process.

On the first claim, we find substantial evidence to support the verdict, especially given the court's credibility finding.  We decline to reach the second claim because Duran-Sierra did not preserve his constitutional challenge.  We thus affirm his conviction.

## I.        Facts and Prior Proceedings

After closing time at Hampton's Coconut Lounge, G.S. squeezed into the back seat of Duran-Sierra's pickup truck with three other people.  G.S. thought they were headed to an after-party.  Instead, Duran-Sierra dropped off the other passengers in Belmond—leaving only G.S. in the truck with him.

She asked to be taken home too.  But rather than drive her back to Hampton, Duran-Sierra pulled the truck over and joined G.S. in the backseat.  He started kissing her.  And at first she kissed him back.  Soon she asked again to go home.  But Duran-Sierra did not listen; instead he pulled her closer, grabbing the back of her head as if palming a basketball.

G.S. testified that she could not remember the next events in order because she was "in and out" of consciousness.  But she did recall Duran-Sierra putting his hand inside her vagina, saying in Spanish: "This is what you wanted."  She replied

in Spanish: "I just want to go home.  You need to stop.  You're hurting me."  G.S., who admitted having at least four alcoholic drinks that night, told Duran-Sierra: "[W]e can do this another time when we're sober."

She also recalled slipping off the back seat onto the floor and Duran-Sierra yanking her neck to pull her back up.  G.S. also testified that Duran-Sierra forced his penis into her vagina, and later into her mouth.[1]

When G.S. was finally able to push Duran-Sierra off of her, she curled into a ball on the floor.  Only then did he stop assaulting her and return to the front seat. Once there, he flipped on the interior lights and saw "blood everywhere."  Angry, he yelled: "Look at what you did."  The blood was from injuries to her vagina. Afraid, G.S. apologized and said she would clean it up.  Duran-Sierra then drove her home.  It was about 5 a.m. on March 24, 2019.  Once home, she contacted a neighbor who called the police and took her to the hospital.  Hospital personnel confirmed injuries to G.S. consistent with her report of the sexual assault.

Two months later, the State charged Duran-Sierra with sexual abuse in the third degree in violation of Iowa Code section 709.1 and 709.4(1)(a) (2019).  He waived his right to a speedy trial on June 6.  Trial was set for August 2019, but it was continued more than a dozen times.  In September 2020 Duran-Sierra waived his right to a jury trial.  A bench trial proceeded in April 2021.  The district court

---

[1] In his trial testimony, Duran-Sierra gave a different version of events.  He asserted that he and some friends did attend an after-party at a Hampton apartment, where they reunited with G.S., who asked to ride with them to Belmond. According to him, after dropping his friends in Belmond, G.S. climbed into the front seat and started "touch[ing] his private parts."  He testified that when he stopped the truck, they moved to the back seat and had consensual sex.  The district court did not believe Duran-Sierra's testimony.

found Duran-Sierra guilty as charged and sentenced him to an indeterminate prison term of ten years.  He now appeals.

## II.    Analysis

### A.  Substantial Evidence

Duran-Sierra argues the State presented insufficient evidence to support his conviction for third-degree sexual abuse.  He disputes the evidence that the sex acts were done by force or against G.S.'s will.  *See* Iowa Code § 709.4.

We review this argument for the correction of legal error.  *See State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022).  The district court's finding of guilt is binding unless the State failed to offer substantial evidence on the disputed element.  *See State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997) (per curiam).  We view evidence in the light most favorable to the State.  *Id.*  Evidence is substantial when it could convince a reasonable factfinder of the defendant's guilt beyond a reasonable doubt.  *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016).

Duran-Sierra devotes most of his briefing to attacking G.S.'s credibility.  He insists her testimony "must be questioned" because she was intoxicated that night and he and his witnesses offered a different version of events.  To explain her physical injuries, he resurrects his trial theory that they resulted from "rough sex" rather than the alleged assaults.  As a legal crutch, he relies on a single case: *State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App. 1993) (reversing conviction because testimony of sexual abuse victim was "inconsistent, self-contradictory, lacking in experiential detail, and, at times, border[ed] on the absurd").

Trouble is, our supreme court has flagged *Smith* as "an outlier case" because it flouts the deferential appellate review of verdicts and the factfinder's

resolution of disputed factual issues. *Mathis*, 971 N.W.2d at 518. Following *Mathis*, we find *Smith* does not afford Duran-Sierra any relief from his conviction.

Believed by the district court, G.S.'s testimony alone could be substantial proof of sexual abuse. *See State v. Knox*, 536 N.W.2d 735, 742 (Iowa 1995). But the State had more. It offered evidence of bloodstains in the truck, photographs of her injuries, and her immediate report of the rape to her neighbor. Substantial evidence supported the district court's verdict. *See Mathis*, 971 N.W.2d at 519 (reiterating that in substantial evidence review it is not our role to resolve conflicting evidence, pass on witness credibility, or determine the plausibility of defenses).

**B. Speedy Trial**

Next Duran-Sierra argues that the delay of twenty-three months from the formal charge to the trial denied him due process under the Fourteenth Amendment to the United States Constitution and Article I, section 10 of the Iowa Constitution.[2] He maintains that he preserved error on this argument by moving to dismiss at the close of the State's case in chief. But here's what defense counsel argued at trial:

> I would point out that this case has been pending for almost two years. In light of supreme court pronouncements with regard to the speedy trial provisions, my research indicated that the supreme court has extended that time. Nonetheless, we would make note and object to the further proceedings on this speedy trial documents.

---

[2] The federal constitution guarantees a general right to a speedy trial. *See* U.S. Const. amend. VI. That right is fundamental and is imposed on the states by the Fourteenth Amendment. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972). Our state constitution also ensures the right to a speedy trial. Iowa Const. art. I, § 10. Iowa Rule of Criminal Procedure 2.33(2) implements those constitutional rights. *State v. Olson*, 528 N.W.2d 651, 653 (Iowa 1995).

He did not discuss a constitutional violation. And neither did the State in its resistance. It noted Duran-Sierra's waiver of speedy trial and the supreme court's "supervisory orders with respect to the timing of trials due to the COVID epidemic." The State argued, "[T]his case falls squarely within the time frames that are still allowed; there has been no violation of the defendant's right to a speedy trial or time to trial." In denying the motion to dismiss, the district court expressly observed: "The defendant has not made a specific constitutional argument under the United States Constitution or separately under the Iowa Constitution." And Duran-Sierra did not correct that observation.

Because Duran-Sierra only argues a constitutional violation on appeal, we have nothing to review. *See State v. Smith*, 957 N.W.2d 669, 681 (Iowa 2021) (analyzing only a rule violation when the defendant did not allege a constitutional speedy trial violation).

**AFFIRMED.**