# IN THE COURT OF APPEALS OF IOWA

No. 22-0380
Filed November 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHAD ALLEN STATON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M.
Fangman, Judge.

Chad Staton appeals from his convictions and sentences for sexual abuse
in the second and third degree and incest.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant
Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney
General, for appellee.

Considered by Greer, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**VOGEL, Senior Judge.**

A jury convicted Chad Staton of one count of sexual abuse in the second degree, one count of sexual abuse in the third degree, and one count of incest. *See* Iowa Code §§ 709.3, .4, 726.6 (2016).[1]  He appeals his convictions and sentences, arguing: (1) the evidence is not sufficient to support his convictions, (2) the district court should not have allowed evidence of an uncharged incident of Staton performing a sex act with the same complaining witness, and (3) during sentencing, the district court should not have interrupted his attorney and should have permitted discussion of rejected plea offers.  We reject his arguments and affirm.

**I.    Background Facts and Proceedings.**

L.S., born in 2003, is the daughter of Staton.  In January 2020, L.S. first told her mother and then law enforcement that Staton performed sex acts with her on multiple occasions when she was younger.  After an investigation, Staton was arrested and charged with sexual abuse in the second degree for acts occurring between March and October 2013; sexual abuse in the third degree for acts occurring on or around January 1, 2016; and incest for acts occurring between March 2013 and January 2016.

In the lead-up to trial, Staton filed a motion to determine the admissibility of several pieces of evidence, including any evidence he sexually abused L.S. prior

---

[1] Staton was charged for acts occurring between March 2013 and January 2016. The relevant statutes were not amended during this time, so we cite only to the 2016 Iowa Code for simplicity.

to March 2013. The district court found such evidence of prior abuse was admissible.

Staton proceeded to a jury trial across five days in October and November 2021. The witnesses included L.S. and Staton. The jury found Staton guilty as charged on all three counts. After a sentencing hearing, the district court ordered Staton to serve terms of incarceration of twenty-five years for sexual abuse in the second degree, ten years for sexual abuse in the third degree, and five years for incest, run consecutively. Staton appeals.

## II.     Analysis.

### A.     Sufficiency of Evidence

Staton challenges the sufficiency of the evidence supporting his conviction on all three charges. We review challenges to the sufficiency of the evidence supporting a conviction for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). "In determining whether there was substantial evidence, we view the evidence in the light most favorable to the State." *State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997). We review all the evidence, not just the evidence supporting the verdict. *Id.* A district court's finding of guilt is binding on us unless there is not substantial evidence to support the finding. *Id.* Evidence is substantial if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Staton specifically argues the evidence is insufficient to find he performed a sex act with L.S., as required for all three charges. *See* Iowa Code §§ 709.1 (sexual abuse), 726.2 (incest). Relevant to the charged conduct, L.S. testified in detail about two occasions when Staton inserted his penis into her vagina. *See id.*

§ 702.17(1) (defining "sex act" to include "[p]enetration of the penis into the vagina"). The first incident occurred between March and October 2013. The second incident occurred on or around January 1, 2016. This testimony alone is substantial evidence of Staton's guilt. *See State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019); *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998).

Nevertheless, Staton maintains L.S.'s testimony is too unbelievable to constitute substantial evidence. Through extensive cross-examination of L.S. and the testimony of himself and other witnesses, Staton's trial strategy was to point out inconsistencies in L.S.'s testimony and otherwise argue she invented the allegations of abuse. "The jury is free to believe or disbelieve any testimony as it chooses." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). While L.S. was uncertain on a few minor details, her testimony was compelling and broadly consistent with her earlier statements about Staton forcing her into vaginal intercourse on multiple occasions years prior. "Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict." *State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021). Despite any inconsistencies, L.S.'s testimony about Staton performing sex acts with her is sufficient evidence to support his convictions on all three charges.

**B.     Admissibility of Evidence of Prior Sexual Abuse**

Staton next argues that the district court erred when it permitted the State to introduce evidence he sexually abused L.S. in 2012, prior to the charged conduct. He contends that while evidence of previous sex acts may be admissible under Iowa Code section 701.11, Staton's passion for illicit sexual relations with

L.S. was not a legitimate issue at trial. He also argues that the evidence should have been excluded because the probative value was substantially outweighed by risks of unfair prejudice.

Generally, evidence of other crimes is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Iowa R. Evid. 5.404(b)(a). However, "Iowa recognizes a special exception in sex abuse cases which permits use of prior acts 'to show a passion or propensity for illicit sexual relations with the particular person concerned in the crime on trial.'" *State v. Schaffer*, 524 N.W.2d 453, 456 (Iowa Ct. App. 1994) (quoting *State v. Spaulding*, 313 N.W.2d 878, 880–81 (Iowa 1981) (collecting cases recognizing the special exception). The special exception is now codified at Iowa Code section 701.11:

> In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant. This evidence, though relevant, may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. This evidence is not admissible unless the state presents clear proof of the commission of the prior act of sexual abuse.

Iowa Code § 701.11(1). This statute allows the prosecution to introduce the relevant history of the defendant with the same victim. *See State v. Reyes*, 744 N.W.2d 95, 103 (Iowa 2008) (holding courts may admit evidence "of prior sexual abuse involving the same victim" under section 701.11); *accord State v. Cox*, 781 N.W.2d 757, 769 (Iowa 2010) (finding section 701.11 violates due process when used to admit "prior bad acts against an individual other than the victim in the case

to demonstrate general propensity," but affirming the State "may constitutionally introduce relevant history with the same victim under section 701.11"). To be admissible, prior sexual abuse evidence "must be relevant and material to a legitimate issue in the case other than a general propensity to commit wrongful acts." *State v. Sullivan*, 679 N.W.2d 19, 25 (Iowa 2004).

Staton reasons that his passion for illicit sexual relations with L.S. was not a legitimate issue at trial because he maintains his innocence from all sexual abuse acts. However, our supreme court has found "[p]rior crimes against the same victim are relevant to a legitimate issue because the later crimes 'do not occur single and independent—isolated from all others.'" *Cox*, 781 N.W.2d at 768; *see also Reyes*, 744 N.W.2d at 102 (permitting evidence of sexual abuse with the same victim to illustrate "the nature of the relationship between the alleged perpetrator and the victim"). Staton's claims of actual innocence present a question for the factfinder to resolve, *see Thornton*, 498 N.W.2d at 673, rather than negating admissibility under section 701.11. Furthermore, L.S.'s testimony that Staton previously sexually assaulted her relates to his intent, preparations, and plan for the charged conduct, which are non-propensity reasons. *See Cox*, 781 N.W.2d at 761.

As to unfair prejudice, L.S.'s testimony about the 2012 sexual assault was direct, non-inflammatory, and similar in nature to the charged conduct. *See State v. Putman*, 848 N.W.2d 1, 9-10 (Iowa 2014). Her testimony was not of a nature that would have provoked "overmastering hostility" toward Staton. *State v. White*, 668 N.W.2d 850, 855 (Iowa 2003). Her testimony spoke to the initial sexual assault, Staton's efforts to silence her, and L.S.'s feelings and fears resulting from

the assault. While L.S.'s testimony may have been difficult to hear, that does not make it outright inflammatory. *See id.* And the court gave a limiting instruction for the jury to avoid considering the first incident in finding Staton guilty of the three charges, further reducing any risk of unfair prejudice. *See State v. Proctor*, 585 N.W.2d 841, 845 (Iowa 1998) ("A jury is presumed to follow the court's instructions.").

Thus, L.S.'s testimony about the 2012 sexual assault was relevant to a legitimate issue of later sex crimes between the same assailant and victim. Her testimony about the 2012 sexual assault also did not result in unfair prejudice that substantially outweighed its probative value. Therefore, L.S.'s testimony about the 2012 assault was admissible under section 701.11, and the trial court did not abuse its discretion in admitting it.

**C.    Allocution**

Staton claims that the district court erred in restricting his attorney from discussing rejected plea offers at Staton's allocution and he should be resentenced. We review this sentencing claim for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

Before the district court may enter judgment, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Iowa R. Crim. P. 2.23(3)(d). Staton cites *State v. Stacy*, No. 05-0475, 2006 WL 469022, at *1 (Iowa Ct. App. Mar. 1, 2006) for an instance of defense counsel not being allowed to speak in full by the district court, prompting a new sentencing hearing. In *Stacy*, defense counsel uttered one incomplete sentence about mitigating factors before

the sentencing court interrupted and stopped him without providing another opportunity to raise mitigating factors. *Id.* That example is in stark comparison to this matter, where Staton's counsel was permitted to continue his discussion and was only restricted in discussing plea negotiations. Staton's counsel discussed other sentencing matters on behalf of Staton and his sentence. Further, Staton was allowed to speak on his behalf after his attorney spoke in compliance with rule 2.23(2)(d)(3). We have held that the rule giving the opportunity for the defendant and their counsel to speak in mitigation of the defendant's sentence is mandatory—however, substantial compliance with the rule is sufficient. *State v. Glenn*, 431 N.W.2d 193, 195 (Iowa Ct. App. 1998). Because both Staton and his counsel received opportunities to substantially address mitigation of his sentence, we find no abuse of discretion in Staton's sentencing procedure.

**III.    Conclusion.**

Staton's convictions are supported by substantial evidence, the district court did not abuse its discretion in admitting L.S.'s testimony about him previously sexually assaulting her, and the court did not abuse its discretion during sentencing.

**AFFIRMED.**