# IN THE SUPREME COURT OF IOWA

No. 19–1506

Submitted December 14, 2021—Filed March 18, 2022

**STATE OF IOWA,**

Appellee,

vs.

**RANDY ALLEN CRAWFORD,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.

The defendant challenges the sufficiency of the evidence for his conviction for failure to affix a drug tax stamp. **DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Appel, Oxley, and McDermott, JJ., joined. Waterman, J., filed an opinion concurring in part and dissenting in part, in which Christensen, C.J., and Mansfield, J., joined.

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

**McDONALD, Justice.**

An essential element of due process of law is "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Defendant Randy Allen Crawford contends in this direct appeal that he should not suffer the onus of his criminal conviction because the conviction is not supported by sufficient proof. The problem for the defendant: he failed to file a motion for judgment of acquittal in the district court asserting the specific challenge raised on appeal. The primary question presented is whether an appellate court on direct appeal can nonetheless review the sufficiency of the evidence supporting the defendant's conviction.

I.

The Davenport Police Department was aware Randy Crawford had outstanding warrants for his arrest. On January 3, 2019, police officers went to a local steakhouse to arrest Crawford on the outstanding warrants. When the officers arrived they observed Crawford sitting in a booth. As they approached the booth Crawford reached toward his waist. The officers believed Crawford was reaching for a weapon and ordered him to put his hands in the air. Crawford ignored the directive and initiated a scuffle. Eventually, the officers were able to take Crawford to the ground and arrest him. On the ground near the booth where Crawford was seated officers found a small baggie containing a white powdery substance. Initial field testing indicated the substance was cocaine. Subsequent

laboratory testing showed the substance was actually heroin. The total weight of the heroin was approximately three grams. In terms of dosage units (the quantity of a unit sold to an end-user), the package contained between twenty-four and thirty dosage units. No tax stamps were affixed to the package containing the heroin.

In an amended trial information the State charged Crawford with possession of heroin with the intent to deliver, failure to affix a drug tax stamp, and two counts of interference with official acts resulting in bodily injury. The State also provided notice of its intent to seek a sentencing enhancement for a second or subsequent controlled substance conviction. The charges were resolved after two trials. In the first trial, the jury found Crawford guilty of failure to affix a drug tax stamp and two counts of interference with official acts causing bodily injury, but the jury could not reach a verdict on the charge of possession of heroin with the intent to deliver. At a second trial on the remaining charge, the jury acquitted Crawford of the charge of possession of heroin with intent to deliver but found him guilty of the lesser included offense of possession of heroin.

Sentencing occurred in September 2019. Crawford appeared in person with his counsel. At the sentencing hearing, the court considered and denied Crawford and his counsel's separate motions for new trial. In response to the denial of the motions, Crawford stated he "will be appealing." After hearing Crawford's allocution the district court sentenced Crawford to a total term of incarceration not to exceed seven years.

As promised, Crawford appealed his convictions. He timely filed a pro se notice of appeal on September 6, 2019, the day after the sentencing hearing. At the time he filed the notice of appeal Crawford was still represented by counsel. Trial counsel never filed a notice of appeal. Four days after Crawford filed his notice of appeal the district court granted counsel's motion to withdraw and appointed the State Public Defender's Office to represent Crawford on appeal.

We transferred the matter to the court of appeals. Crawford challenged the sufficiency of the evidence supporting his conviction for failure to affix a drug tax stamp. Crawford acknowledged he failed to file a motion for judgment of acquittal to preserve error on the claim, but he argued the court of appeals could nonetheless review the sufficiency of the evidence. First, he argued the court could review the sufficiency of the evidence indirectly as a claim of ineffective assistance of counsel. *See, e.g.*, *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996) (en banc) (reviewing sufficiency of the evidence indirectly as a claim of ineffective assistance of counsel). The court of appeals rejected the argument, holding that Iowa Code section 814.7 (2019) bars the presentation and resolution of claims of ineffective assistance of counsel on direct appeal. The court of appeals also rejected Crawford's numerous constitutional challenges to section 814.7. *See, e.g.*, *State v. Treptow*, 960 N.W.2d 98, 103–08 (Iowa 2021). Second, Crawford argued the court of appeals could review the sufficiency of the evidence supporting his conviction under a plain error standard. The court of appeals rejected Crawford's request, explaining Iowa's appellate courts repeatedly have

rejected plain error review. *See id.* at 109. We granted Crawford's application for further review.

II.

Before turning to the merits of Crawford's appeal, we first address a jurisdictional question. With some exceptions not applicable here, a criminal defendant convicted after trial has an appeal as a matter of right from the entry of a final judgment of sentence. *See* Iowa Code § 814.6(1). An appeal from a final judgment of sentence is initiated by "filing a notice of appeal with the clerk of the district court where the order or judgment was entered." Iowa R. App. P. 6.102(2). The "notice of appeal must be filed within 30 days after the filing of the final order or judgment." *Id.* r. 6.101(1)(*b*). This rule is mandatory and jurisdictional. *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 401–02 (Iowa 2015). If a party does not timely file his notice of appeal, the appellate court lacks jurisdiction and the matter must be dismissed. *Id.*

In the past, Crawford's timely filing of his pro se notice of appeal would have been sufficient to invoke this court's appellate jurisdiction. In 2019, however, the legislature enacted a law that prohibits defendants represented by counsel from filing pro se documents in any Iowa court. 2019 Iowa Acts ch. 140, § 30 (codified at Iowa Code § 814.6A (2019)). The State contends that where, as here, a defendant was represented by counsel, section 814.6A renders the pro se notice of appeal a nullity without legal effect. The court of appeals has reached this conclusion. *See State v. Stark*, No. 20–1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021) (stating pro se notice of appeal was a nullity but granting

delayed appeal); *Boring v. State*, No. 20–0129, 2021 WL 2453045, at \*3 (Iowa Ct. App. June 16, 2021) ("[T]he notice of appeal was again filed pro se while Boring was still represented by counsel. Accordingly, it was a document that could not be considered. It was a nullity, as the State claims. For that reason, the appeal is dismissed.").

In light of Iowa Code section 814.6A and these recent decisions of the court of appeals, we questioned whether Crawford had timely invoked this court's appellate jurisdiction. *See, e.g.*, *Colwell v. Iowa Dep't of Hum. Servs.*, 923 N.W.2d 225, 238 (Iowa 2019) ("It is a fundamental principle of our jurisprudence that a court has the inherent power to decide if it has subject matter jurisdiction over a matter."). We requested the parties provide supplemental briefing on the issue. After we requested supplemental briefing, appellate counsel filed a notice of appeal in the district court.

After reviewing the parties' supplemental briefing, we conclude allowing Crawford to pursue a delayed appeal is appropriate under the circumstances. Recently, in *State v. Davis*, we held that even if section 814.6A prohibited a represented defendant from filing a pro se notice of appeal, the defendant should nonetheless be allowed to pursue a delayed appeal where the defendant timely expressed an intent to appeal before the deadline but failed to timely initiate the appeal due to state action or circumstances beyond the defendant's control. 969 N.W.2d 783, 787–88 (Iowa 2022). As in *Davis*, Crawford timely expressed an intent to appeal. He did so during the sentencing hearing when he stated he "will be appealing." He also did so when he timely filed his pro se notice of appeal. As

in *Davis*, Crawford's trial counsel failed to act on Crawford's expressed intent. As we explained in *Davis*, trial counsel's failure to file a notice of appeal after the defendant unequivocally expressed an intent to appeal is a circumstance outside the defendant's control and serves as grounds for allowing delayed appeal. *See id.* at 788.

III.

Crawford challenges the sufficiency of the evidence supporting his conviction for failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12(2). The state was required to prove that Crawford was a "dealer" who distributed, offered to sell, or possessed taxable substances without affixing the appropriate tax stamp. *Id.* A "dealer" is a person who ships, transports, or imports "[t]en or more dosage units of a taxable substance which is not sold by weight." *Id.* § 453B.1(3)(*a*)(4). Crawford did not affix a tax stamp to the substance at issue, heroin, but he argues there was insufficient evidence to establish he was a dealer because the evidence showed heroin is sold by weight and not by dosage units. *See id.* § 453B.1(3)(*a*)(4), (6).

At trial, Crawford's counsel moved for judgment of acquittal but did not assert this specific challenge. Under our current jurisprudence, "[c]ounsel does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). Crawford concedes he did not preserve error on this specific challenge to the sufficiency of the evidence, but he argues this court can

nonetheless review the sufficiency of the evidence indirectly as a claim of ineffective assistance of counsel or under a plain error standard. There is no reason for this court to avail itself of these doctrines and do indirectly what this court already has the constitutional and statutory authority and duty to do directly. For the reasons expressed below, we conclude a defendant can challenge the sufficiency of the evidence on direct appeal without first filing a motion for judgment of acquittal.

A.

This court's power to review a challenge to the sufficiency of the evidence on direct appeal arises out of this court's constitutional and statutory authority. The Iowa Constitution provides this court "shall constitute a court for the correction of errors at law." Iowa Const. art. V, § 4. And it further provides this court "shall have power to issue all writs and process necessary to secure justice to parties." *Id.* The constitutional authority of this court is confirmed by statute. Iowa Code section 602.4102(1) provides that this court "constitutes a court for the correction of errors at law." In reviewing a criminal proceeding on direct appeal, this court, "after an examination of the entire record, may dispose of the case by affirmation, reversal or modification of the district court judgment." *Id.* § 814.20.

This court's constitutional and statutory authority to review criminal proceedings on direct appeal for the correction of errors at law imposes a "duty [on] the court to interfere with an unjust verdict." *State v. Rainsbarger,* 45 N.W. 302, 302 (Iowa 1890) (quoting *State v. Elliott,* 15 Iowa 72, 79 (1863)). As we held

long ago, "It is plain that to set aside a verdict because it is not sustained by the evidence is an appellate correction of an error at law." *State v. O'Donnell*, 157 N.W. 870, 872 (Iowa 1916). "To correct the failure to render a judgment due as matter of law, or for this court to enter one thus demanded, may be constitutionally permitted, because either is clearly the correction of an error at law, or of avoiding the making of such error." *Id.*

Historically, this court's authority and duty on direct appeal to interfere with and correct a criminal verdict applied without regard to whether a defendant preserved a specific challenge to the sufficiency of the evidence in the district court. *See State v. Chambers*, 161 N.W. 470, 472 (Iowa 1917) (holding the failure to renew a motion for directed verdict after the close of all the evidence did not preclude appellate review of the "complaint that the verdict is contrary to and not supported by the evidence and the result of passion and prejudice"); *State v. Barr*, 98 N.W. 595, 596–97 (Iowa 1904) (holding the court had a duty to examine the record in a criminal case and render judgment as the law demands "even though no specific error of law in the ruling of the court has been properly preserved"); *State v. Lundermilk*, 50 Iowa 695, 696 (1879) (reviewing sufficiency of the evidence of jury verdict even where there were no assignments of error).

Part of this court's historical authority and duty to review any challenge to the sufficiency of the evidence on direct appeal rested on the very nature of this court's appellate power. "The constitutional duty of the judicial department is to exercise the judicial power to provide for the fair and impartial administration of justice." *State v. Thompson*, 954 N.W.2d 402, 410 (Iowa 2021).

An additional part of this court's authority and duty to review any sufficiency challenge raised on direct appeal arose out of the need to protect the defendant's constitutional rights. In *State v. Burns*, the defendant was convicted of carrying an offensive and dangerous weapon. 165 N.W. 346, 347 (Iowa 1917). "The record [did] not disclose that any objections were made by the defendant to anything that happened or was done upon the trial. No exceptions were preserved to rulings made by the court, and no exceptions taken to the instructions or to the final judgment entered in the cause." *Id.* Although the defendant failed to preserve error on any challenge to the sufficiency of the evidence, this court concluded it was constitutionally required to review the sufficiency of the evidence to protect the defendant's right to a fair trial:

> But there is a broader principle involving the right of defendant to have such a trial as is guaranteed to him by the Constitution. All our crimes are statutory. Therefore one called to answer as for a violation of the statute in a criminal way is entitled to call upon the state to make proof of all facts essential to constitute the crime charged. Until the proof is forthcoming from the state to establish all the essential elements of the crime charged against the citizen, the presumption of innocence stands between him and conviction. It is fundamental that every man is presumed to be innocent when placed on trial until proved to be guilty. To make out his guilt by proof, the proof must affirm the existence of every element essential to constitute the crime. No verdict of a jury can stand in this court where there is absence of proof of any of the elements essential to constitute the crime against which the statute is lodged.

*Id.* at 348.

Similarly, in *State v. Poffenbarger*, the defendant was convicted of operating a motor vehicle while intoxicated, second offense. 74 N.W.2d 585, 586 (Iowa 1956). "Defendant's experienced counsel did not contend in the court below the evidence he was driving his car was insufficient." *Id.* Despite counsel's failure

to preserve error on the issue for appeal, this court concluded it would still consider the issue. *Id.* This conclusion was required because a court cannot "permit a verdict of guilty to stand where there is absence of proof of any of the essential elements of the crime charged. A conviction notwithstanding such absence of proof amounts to denial of a fair trial." *Id.* (citation omitted).

Given this court's constitutional authority and duty on direct appeal to correct error and protect the defendant's constitutional right to a fair trial, this court repeatedly held it would review a criminal defendant's challenge to the sufficiency of the evidence on direct appeal notwithstanding any failure to preserve error in the district court. *See, e.g.*, *State v. Cowman*, 212 N.W.2d 420, 422 (Iowa 1973) (reviewing sufficiency of the evidence where specific sufficiency challenge not raised by defendant in the district court); *State v. Bruno*, 204 N.W.2d 879, 884 (Iowa 1973) (stating matters not raised in the trial court cannot be asserted for the first time on appeal except that a challenge to the sufficiency of the evidence "is properly before the court"); *State v. Wimbush*, 150 N.W.2d 653, 654 (Iowa 1967) ("We will not let a finding of guilt stand where there is an absence of proof of any essential element of the crime charged. A conviction notwithstanding such absence of proof amounts to a denial of a fair trial."); *State v. Jones*, 144 N.W.2d 120, 122 (Iowa 1966) ("We cannot permit a conviction to stand where there is absence of proof of any of the essential elements of the crime charged."); *State v. Hill*, 140 N.W.2d 731, 733 (Iowa 1966) (stating that even where error is not preserved, "if it appears the State's evidence, viewed in a light most favorable to it, does not furnish substantial support for the verdict,"

then "the case must be reversed"); *State v. Stodola*, 134 N.W.2d 920, 921 (Iowa 1965); *Poffenbarger*, 74 N.W.2d at 586; *State v. Dolson*, 176 N.W. 678, 678 (Iowa 1920) ("We have frequently held that, though by reason of a waiver the case stands as though there had been no motion to direct, yet 'this does not preclude complaint that the verdict is contrary to and not supported by the evidence.'" (quoting *Chambers*, 161 N.W. at 472)); *Burns*, 165 N.W. at 347; *Barr*, 98 N.W. at 596–97; *Lundermilk*, 50 Iowa at 696.

Beginning in the 1970s, without explanation of or reference to these precedents, this court moved away from the historical understanding of its authority and duty with respect to resolving sufficiency challenges raised on direct appeal. In *State v. Smith*, the defendant raised claims of prosecutorial misconduct and instructional error for the first time on appeal. 228 N.W.2d 111, 112 (Iowa 1975). We held the claims were not preserved for appellate review. *Id.* In *State v. Droste*, we stated that "[t]he grounds of a motion for new trial must stand or fall on exceptions taken at trial and a party cannot in a post verdict motion amplify or add new grounds as a basis for relief." 232 N.W.2d 483, 488 (Iowa 1975). *Smith* and *Droste* were correct statements of law, but neither case involved challenges to the sufficiency of the evidence. In *State v. Leonard*, however, we cited *Smith* for the proposition that a defendant could not challenge the sufficiency of the evidence with respect to a specific element if the challenge was not first raised in the district court. 243 N.W.2d 887, 893 (Iowa 1976) (en banc). And in *State v. Geier*, we cited *Droste* in a discussion related to error preservation on sufficiency challenges. 484 N.W.2d 167, 170 (Iowa 1992).

Subsequent decisions, all originating with *Smith* or *Droste*, held that a defendant could not challenge the sufficiency of the evidence on direct appeal without first filing a motion for judgment of acquittal. *See, e.g.*, *Albright*, 925 N.W.2d at 150–51; *State v. Schlitter*, 881 N.W.2d 380, 388–89 (Iowa 2016); *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011); *State v. Truesdell*, 679 N.W.2d 611, 615–16 (Iowa 2004); *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999); *Crone*, 545 N.W.2d at 270; *Geier*, 484 N.W.2d at 170; *State v. Dickerson*, 313 N.W.2d 526, 529 (Iowa 1981).[1]

Although these more recent decisions announced an error preservation rule, the rule was more honored in the breach than the observance as the announced rule has not been enforced. With respect to bench trials, our cases provide that a defendant need not file a motion for judgment of acquittal to challenge the sufficiency of the evidence on direct appeal. *See, e.g.*, *State v. Bonstetter*, 637 N.W.2d 161, 167 (Iowa 2001). With respect to jury trials, our courts review unpreserved challenges to the sufficiency of the evidence but do so

---

[1]The partial dissent contends the changes in our caselaw were prompted by a revision to what was formerly designated Iowa Code section 793.18. *See* 1976 Iowa Acts ch. 1245, § 1420 (codified at Iowa Code § 814.20 (1978)). There are several problems with the contention. The changes in the Code were not effective until January 1, 1978, *see id.* § 529, but *Smith*, *Droste*, and *Leonard* were decided several years prior without mentioning any impending Code revision. Second, we have not interpreted section 814.20 to limit this court's constitutional authority. To the contrary, we have said "section 814.20 is a general statute encompassing the entire gamut of our appellate authority in criminal appeals." *State v. Knupp*, 310 N.W.2d 179, 183 (Iowa 1981). Third, and most important, no legislative enactment can change the constitutional character of this court to something other than "a court for the correction of errors at law." *State v. Tucker*, 959 N.W.2d 140, 150 (Iowa 2021) (quoting *Wine v. Jones*, 168 N.W. 318, 321 (Iowa 1918)). A verdict not sustained by the evidence is an error at law. *O'Donnell*, 157 N.W. at 872.

indirectly within the framework of a claim of ineffective assistance of counsel rather than directly under our constitutional authority to perform such review. *See, e.g., State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018); *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017); *Greene*, 592 N.W.2d at 29–30; *Crone*, 545 N.W.2d at 270; *State v. Breitbach*, 488 N.W.2d 444, 447 (Iowa 1992); *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990); *State v Heidebrink*, 334 N.W.2d 344, 347 (Iowa Ct. App. 1983) (en banc), *disapproved of on other grounds by State v. Abbas*, 561 N.W.2d 72 (Iowa 1997) (per curiam). In doing so, we have recognized that the failure to file a meritorious motion for judgment of acquittal establishes both breach and prejudice as a matter of law because "[i]t would surely be ineffective . . . if [defendant's] counsel failed to preserve a valid motion for acquittal." *State v. Schories*, 827 N.W.2d 659, 664 (Iowa 2013) (citation omitted).

So where does that leave things? We are left with two competing lines of precedents and must decide which to follow. Our older precedents hold that Iowa's appellate courts have the constitutional authority and duty to review on direct appeal any challenge to the sufficiency of the evidence. Our more recent precedents hold the defendant must file a motion for judgment of acquittal to preserve error on a challenge to the sufficiency of the evidence but also hold the rule does not apply to bench trials and also hold the rule is not enforceable in jury trials because the failure to preserve error constitutes ineffective assistance of counsel as a matter of law. In reconciling these precedents, we conclude our older doctrine is clear and is the correct expression of this court's constitutional authority and duty in the administration of criminal law. We thus conclude that

a defendant need not file a motion for judgment of acquittal to challenge the sufficiency of the evidence on direct appeal.

Our more recent precedents are not legally sound. When we speak of error preservation, all we mean is that a party has an obligation to raise an issue in the district court and obtain a decision on the issue so that an appellate court can review the merits of the decision actually rendered. "When a defendant challenges the sufficiency of the evidence, he or she is asserting that the prosecution has not proven every fact necessary to establish the crime at issue, and thus, it has not established that the defendant, in fact, committed a crime." *McCoy v. People*, 442 P.3d 379, 385 (Colo. 2019) (en banc). Our more recent precedents fail to appreciate that a defendant who proceeds to trial and has been convicted of a crime has, in fact, preserved error with respect to any claim challenging the sufficiency of the evidence. The trial itself raises the issue of the sufficiency of the evidence, and the verdict is the decision on the issue. Defendants thus "may generally challenge the sufficiency of the evidence to support a judgment for the first time on appeal because they 'necessarily objected' to the sufficiency of the evidence by 'contesting [it] at trial.' " *People v. McCullough*, 298 P.3d 860, 865 (Cal. 2013) (alteration in original) (quoting *People v. Gibson*, 33 Cal. Rptr. 2d 217, 218 (Ct. App. 1994)); *see McCoy*, 442 P.3d at 385 ("[A] defendant effectively challenges the sufficiency of the evidence presented at trial by contesting that evidence at the trial, and we perceive no purpose in requiring a party to pursue some other form of objection directed to the evidence as a whole.").

This is the exact rationale our more recent precedents apply with respect to bench trials. "In a bench trial, the court is the fact finder and its finding of guilt necessarily includes a finding that the evidence was sufficient to sustain a conviction. No valid purpose would be served by requiring a defendant to make a motion for judgment of acquittal in the context of a criminal bench trial." *Abbas*, 561 N.W.2d at 74. Yet, the same rationale applies to a jury trial. *See Jackson*, 443 U.S. at 317 & n.8 ("The trier of fact in this case was a judge and not a jury. But this is of no constitutional significance."). In a jury trial, the jury is the fact finder and its finding of guilt necessarily includes a finding that the evidence, in its view, was sufficient to convict a defendant. Whether a defendant is found guilty by a judge or a jury, the Constitution "protects an accused against conviction except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt." *Id.* at 313–14. With respect to sufficiency challenges, there is no logical or constitutionally permissible reason to have one rule of error preservation for a bench trial and a different rule for a jury trial. "[A] properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt, and the same may be said of a trial judge sitting as a jury." *Id.* at 317

Our more recent cases requiring a defendant to file a motion for judgment of acquittal to preserve error on a sufficiency challenge also do not advance the underlying purposes of error preservation. *See State v. Mann*, 602 N.W.2d 785, 791 (Iowa 1999) ("We think that in applying our error-preservation rules, we

must keep their underlying purpose in mind."). Error preservation is important for several reasons: (1) it affords the district court an opportunity to avoid or correct error that may affect the future course of the trial; (2) it provides the appellate court with an adequate record for review; and (3) it disallows sandbagging—that is, it does not "allow a party to choose to remain silent in the trial court in the face of error, tak[e] a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (quoting *State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003)).

None of these reasons are advanced by requiring a defendant to engage in additional motion practice to preserve error on a challenge to the sufficiency of the evidence. A motion for judgment of acquittal presents no error for the district court to correct that would change the course of trial process itself, in contrast to, for example, objections to evidentiary rulings or jury instructions. A motion for judgment of acquittal does not create a better record for appellate review; appellate courts have the entire trial record from which to determine the sufficiency of the evidence. And, counsel has no incentive to sandbag the district court, remain silent, and not advance a motion for judgment of acquittal. Trial counsel's failure to advance a motion for judgment of acquittal prejudices only the defendant, who may be serving a sentence for a conviction not supported by sufficient evidence. *See State v. Hayes*, 681 N.W.2d 203, 214 (Wis. 2004) (rejecting similar claim of sandbagging on a sufficiency-of-the-evidence claim since a defendant is unlikely to spend more time in prison just to sandbag the

government and could receive the same relief through an ineffective-assistance claim with proof of essentially the same issues in any event).

The partial dissent disagrees, arguing that the rule announced in our newer precedents—that a defendant must file a motion for judgment of acquittal to challenge the sufficiency of the evidence on direct appeal—advances the purposes of error preservation. But the dissent's argument is based on the false premise that the rule is actually enforced. As shown above, it isn't. When a defendant's conviction is not supported by sufficient evidence and when the defendant fails to file a motion in arrest of judgment, the defendant is entitled to have his conviction vacated in postconviction-relief proceedings because "[i]t would surely be ineffective . . . if [defendant's] counsel failed to preserve a valid motion for acquittal." *Schories*, 827 N.W.2d at 664 (citation omitted). The postconviction court effectively waives the error preservation requirement as a claim of ineffective assistance of counsel. *See generally Rhoades v. State*, 848 N.W.2d 22, 33 (Iowa 2014) (Mansfield, J., joined by Waterman, J., concurring specially) ("In some respects, we are using ineffective assistance as a substitute for a plain error rule, which we do not have in Iowa.").

Thus, the fighting issue in this case is not *whether* a defendant who failed to file a motion for judgment of acquittal is entitled to relief but *when*. We conclude a defendant whose conviction is not supported by sufficient evidence is entitled to relief when he raises the challenge on direct appeal without regard to whether the defendant filed a motion for judgment of acquittal. The government has no legitimate interest in imposing punishment on those not

proven guilty of criminal conduct beyond a reasonable doubt. The continuing punishment of a defendant where the state has failed to prove the defendant committed a crime violates the defendant's federal and state constitutional rights and requires relief notwithstanding error preservation. As the Connecticut Supreme Court explained, "*Jackson v. Virginia* . . . compels the conclusion that any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right" and requires a court to "review [a] defendant's challenge to his conviction . . . as [it would] do any properly preserved claim." *State v. Adams*, 623 A.2d 42, 45 n.3 (Conn. 1993). The dissenters disagree and conclude that a defendant whose conviction is not supported by sufficient evidence must remain incarcerated or otherwise subject to criminal sanction for additional months or even years until a district court in a postconviction-relief proceeding vacates the defendant's conviction as a claim of ineffective counsel on literally the exact same trial record presented on direct appeal. We think that view is an abdication of this court's constitutional authority and duty to correct errors at law.

Other states have considered these same issues, and it is almost universally accepted that an appellate court has the authority and duty to address a challenge to the sufficiency of the evidence on direct appeal without regard to whether the defendant preserved error below by filing a motion for judgment of acquittal. Many courts do this directly with no requirement of error

preservation for sufficiency challenges.[2] Other courts do this indirectly under a

plain error or manifest injustice standard.[3] And all federal circuit courts do this

[2]*See, e.g., McCullough*, 298 P.3d at 865; *McCoy*, 442 P.3d at 387; *Adams*, 623 A.2d at 45 n.3; *Garza v. State*, 670 S.E.2d 73, 79 n.7 (Ga. 2008) ("Because due process requires the existence of sufficient evidence as to every element of the crime of which a defendant is convicted, the fact that this issue was not explicitly raised does not prevent us from addressing (nor, more importantly, does it justify a refusal to address) the issue at this juncture." (citation omitted)), *superseded on other grounds by statute*, Ga. Code § 16–5–40(b)(2) (2009), *as recognized in Gonzalez v. Hart*, 777 S.E.2d 456, 458 n.3 (Ga. 2015); *State v. Faught*, 908 P.2d 566, 570–71 (Idaho 1995) (holding sufficiency need not be objected to in the trial court to be preserved for appellate review); *People v. Woods*, 828 N.E.2d 247, 257 (Ill. 2005) ("[W]hen a defendant makes a challenge to the sufficiency of the evidence, his or her claim is not subject to the waiver rule and may be raised for the first time on direct appeal."); *Mftari v. State*, 537 N.E.2d 469, 474 (Ind. 1989) ("[S]ufficiency of evidence may be raised for the first time on appeal."); *State v. Foster*, 312 P.3d 364, 368 (Kan. 2013) ("The overarching question presented involves the sufficiency of the evidence to support the forgery conviction, which does not require us to engage in a preservation inquiry."); *State v. Green*, 691 So. 2d 1276–77 (La. Ct. App. 1997) (reviewing sufficiency challenge raised on appeal but not raised in a motion for judgment of acquittal in the trial court); *Commonwealth v. McGovern*, 494 N.E.2d 1298, 1301 (Mass. 1986) ("[F]indings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice."); *People v. Williams*, 811 N.W.2d 88, 93 (Mich. Ct. App. 2011) (per curium) ("A defendant need not take any action to preserve a challenge to the sufficiency of the evidence."); *State v. Vasko*, 889 N.W.2d 551, 556 (Minn. 2017) (holding appellate courts may properly review an unpreserved question of the sufficiency of the evidence premised on the construction of an ambiguous municipal ordinance); *State v. Skinner*, 163 P.3d 399, 402 (Mont. 2007) ("[A] defendant does not have to raise a sufficiency of the evidence objection in district court to preserve the issue for review."); *Chism v. State*, 954 P.2d 1183, 1184 (Nev. 1998) (per curium) ("This court . . . has never refused to review the sufficiency of the evidence in a criminal case based on the defendant's failure to move for a judgment of acquittal."); *State v. Scott*, 185 P.3d 1081, 1083 (N.M. Ct. App. 2008) ("[I]f the evidence is insufficient to legally sustain one of the elements of a crime, the error is fundamental and may be raised for the first time on appeal."); *People v. Friedman*, 789 N.Y.S.2d 250, 252 (App. Div. 2005) ("The evidence was legally insufficient to establish [defendant's] guilt . . . . Although this issue is unpreserved, we reach it in the exercise of our discretion in the interest of justice." (citations omitted)); *State v. Jones*, 744 N.E.2d 1163, 1177 (Ohio 2001) (stating the defendant-appellant's not guilty plea preserved the sufficiency issue for appellate review); *Commonwealth v. McCurdy*, 943 A.2d 299, 301 (Pa. Super. Ct. 2008) ("[A] challenge to the sufficiency of the evidence can be raised for the first time on appeal." (citing Pa. R. Crim. P. 606(A)(7)); *State v. Electroplating, Inc.*, 990 S.W.2d 211, 220 (Tenn. Crim. App. 1998) ("[N]othing in the rules requires the defendant to raise the sufficiency of the evidence either in a motion for judgment of acquittal or in the motion for new trial in order to preserve the issue for appellate review."), *abrogated in part on other grounds by State v. King*, No. M2012–00236–CCA–R3–CD, 2013 WL 793588, at *7 (Tenn. Crim. App. Mar. 4, 2013); *Prichard v. State*, 533 S.W.3d 315, 320 (Tex. Crim. App. 2017) ("[B]ecause a legal-sufficiency challenge need not be preserved by objection in a trial court, appellant was permitted to present that complaint in the first instance to the court of appeals."); *City of Seattle v. Slack*, 784 P.2d 494, 499 (Wash. 1989) (en banc) "[S]ufficiency of the evidence is a question of constitutional magnitude and can be raised initially on appeal."); *Hayes*, 681 N.W.2d at 214 ("[A] challenge to the sufficiency of the evidence [may] be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court."); *Thompson v. State*, 408 P.3d 756, 763 (Wyo. 2018) ("[W]e do not apply waiver to a claim that the evidence was legally insufficient to support the defendant's conviction.").

under a plain error standard.[4] Whatever the particular rationale advanced or rule applied, these jurisdictions recognize that appellate courts have the authority and duty to review challenges to the sufficiency of the evidence supporting a criminal conviction on direct appeal without regard to whether a defendant filed a motion for judgment of acquittal.

"[T]he great purpose of our jurisprudence [is] that law and justice should be synonymous. When they seem to be following divergent paths the wise jurist will re-examine his authorities and his reasoning with the utmost care." *State v. Archer*, 58 N.W.2d 44, 51 (Iowa 1953). We have reexamined our authorities in this area and conclude that requiring a defendant to file a motion for judgment of acquittal to preserve error on a challenge to the sufficiency of the evidence on direct appeal impedes rather than advances the administration of justice. "[R]ights must not be denied by too strict an application of mere legal formality. The sword of Justice is not often made more keen by the whetstone of technicality . . . ." *McMillan v. Osterson*, 183 N.W. 487, 488 (Iowa 1921). We thus

---

[3]*See, e.g.*, *Brannon v. United States*, 43 A.3d 936, 939 (D.C. 2012) (applying plain error review); *Phornsavanh v. State*, 481 P.3d 1145, 1156 (Alaska Ct. App. 2021) (applying plain error review); *State v. Stroud*, 103 P.3d 912, 914 n.2 (Ariz. 2005) (en banc)(applying "fundamental" error review); *State v. Puaoi*, 891 P.2d 272, 278 (Haw. 1995) (applying plain error review); *Jones v. State*, 724 So. 2d 427, 430 (Miss. Ct. App. 1998) (applying plain error review); *State v. Self*, 155 S.W.3d 756, 762–63 (Mo. 2005) (en banc) (applying plain error review); *State v. Thompson*, 507 N.W.2d 253, 270 (Neb. 1993) (applying plain error review); *State v. Gayton-Barbosa*, 676 S.E.2d 586, 589–90 (N.C. Ct. App. 2009) (stating unpreserved challenge reviewed to prevent "manifest injustice" (quoting N.C. R. App. P. 2)); *State v. Reynolds*, 280 P.3d 1046, 1052 (Or. Ct. App. 2012) (en banc) (applying plain error review); *State v. Meza*, 263 P.3d 424, 426 (Utah Ct. App. 2011) (applying plain error review); *State v. Savo*, 433 A.2d 292, 293 (Vt. 1981) (applying plain error review); *Holt v. Commonwealth*, 783 S.E.2d 546, 551 (Va. Ct. App. 2016) (en banc) (stating unpreserved challenge reviewed for manifest injustice).

[4]*See, e.g.*, Fed. R. Crim. P. 52(b) (defining "plain error"); *United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021); *United States v. Chastain*, 979 F.3d 586, 592 (8th Cir. 2020); *United States v. Zitron*, 810 F.3d 1253, 1260 (11th Cir. 2016) (per curium); *United States v. Wolfe*, 245 F.3d 257, 260–61 (3d Cir. 2001).

hold Iowa's appellate courts can review a defendant's challenge to the sufficiency of the evidence raised on direct appeal without regard to whether the defendant filed a motion for judgment of acquittal. A defendant's trial and the imposition of sentence following a guilty verdict are sufficient to preserve error with respect to any challenge to the sufficiency of the evidence raised on direct appeal.

B.

Having concluded that we have the authority to review Crawford's challenge to the sufficiency of the evidence, we turn to the merits of his claim. To prove Crawford guilty of failure to affix a drug tax stamp, the State was required to prove he possessed ten or more dosage units of a taxable substance not sold by weight. The jury was instructed a "dosage unit" is "the unit of measurement in which a substance is dispensed to the ultimate user. Dosage unit includes, but is not limited to, one pill, one capsule, or one microdot." Iowa Code § 453B.1(6). Crawford contends there is insufficient evidence to support his conviction because the evidence presented at his trial showed heroin is sold by weight and not by dosage unit.

"We review the sufficiency of the evidence for correction of errors at law." *State v. Buman*, 955 N.W.2d 215, 219 (Iowa 2021) (quoting *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018)). In conducting that review, we are highly deferential to the jury's verdict. The jury's verdict binds this court if the verdict is supported by substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *Id.* In determining

whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

Taken in the light most favorable to the State, there was substantial evidence in the record from which a reasonable juror could conclude that Crawford possessed ten or more dosage units of heroin not sold by weight. Bryan Butt, a detective with the Davenport Police Department with seven years of experience as a street crimes and narcotics investigator, testified that heroin is "typically" sold in "point amounts" of 0.1 grams. However, he also testified that heroin dealers with sufficient experience could "break off a piece" and "eyeball" the amount to be sold to the ultimate user. Butt testified Crawford possessed thirty dosage units. The State also presented testimony from Richard Niesen, also a detective with the Davenport Police Department with specialized training in drug interdiction. Detective Niesen testified that he counted twenty-four individual "rocks" of a substance, later confirmed to be heroin, that were recovered from the bag Crawford possessed at the restaurant. The bag also contained an unspecified quantity of dust. Detective Niesen considered each of these "rocks," without regard to their specific weight, to be dosage units. The testimony of these two detectives is substantial evidence in support of the jury's verdict.

IV.

"On further review, we have the discretion to review any issue raised on appeal." *State v. Vandermark*, 965 N.W.2d 888, 891 (Iowa 2021) (quoting *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255 (Iowa 2012)). We exercise our discretion in this case to address only Crawford's challenge to the sufficiency of the evidence supporting his conviction. In exercising that discretion, we hold Iowa's appellate courts have the authority to directly review a challenge to the sufficiency of the evidence notwithstanding the defendant's failure to file a motion for judgment of acquittal in the district court, and we hold Crawford's conviction is supported by substantial evidence. The court of appeals decision rejecting Crawford's constitutional challenges to Iowa Code section 814.7 and rejecting Crawford's request to adopt plain error review is final as to those issues. *See id.* (exercising discretion on further review to decide only certain issues and directing the court of appeals decision as final as to all other issues).

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

Appel, Oxley, and McDermott, JJ., join this opinion. Waterman, J., files an opinion concurring in part and dissenting in part, in which Christensen, C.J., and Mansfield, J., join.

**WATERMAN, Justice (concurring in part and dissenting in part).**

I respectfully dissent from the majority's groundbreaking determination that Crawford's unpreserved challenge to the sufficiency of the evidence can be decided on his direct appeal despite his failure to raise that claim in district court. I would adhere to our half-century of precedent requiring defense counsel to move for a directed verdict or judgment of acquittal to preserve error for a direct appeal on the insufficiency of evidence. "[T]he adversary process functions most effectively when we rely on the initiative of lawyers, rather than the activism of judges, to fashion the questions for review." *New Jersey v. T.L.O.*, 468 U.S. 1214, 1216 (1984) (Stevens, J., dissenting). Defense counsel did not even ask us to overrule our longstanding precedent. Yet the majority sua sponte overrules five decades of precedent in a case submitted without oral argument and without a request for supplemental briefing as to whether doing so is a good idea. Why? Because according to the majority, we inadvertently changed the law of error preservation on insufficiency claims in 1975, and the court now declines to follow our controlling precedent. Maybe we should have asked the State to weigh in, instead of freelancing without the benefit of adversarial briefing.[5]

Several of my colleagues in the majority recently joined these controlling cases. *See, e.g., State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019) ("Counsel

---

[5]In something of a head fake, our court requested supplemental briefing in this appeal on a different issue, the validity of Crawford's pro se notice of appeal in light of Iowa Code section 814.6A(1) (2019), an issue we then decided in another case. *See State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022).

does not preserve error on a sufficiency-of-evidence issue when counsel makes a general motion for judgment of acquittal but fails to identify specific elements of the charge not supported by the evidence."); *State v. Henderson*, 908 N.W.2d 868, 875 (Iowa 2018) ("Because the motion did not mention the deficiency in proof now raised on appeal, we find that error was not preserved.").

After reading the majority opinion, one might think the members of our court during the 1970s and early 1980s were a bunch of dummies. In the majority's view, they ignored a long line of Iowa legal authority to create new law. That claim should surprise us because the justices who served during that time period are widely regarded as among the court's finest in its history. In fact, as the following discussion shows, they *weren't* a bunch of dummies.

Until 1978, Iowa Code section 793.18 provided,

> **Decision of supreme court.** If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it.

Iowa Code § 793.18 (1975).

This statute led to our court excusing the need to file a motion for directed verdict where the result was a denial of a fair trial. As one commentator explained,

> The rules are strict: the motion to direct a verdict must be interposed at the close of the state's case and renewed after the defendant's evidence, or else the record will not be preserved for review. Nevertheless, when proper steps have been omitted and the defendant argues on appeal that the evidence is not sufficient to support submitting the case to the jury, the supreme court has

> reviewed. The court reads the record to determine whether there has been a fair trial; a conviction without any proof of an element of the charged offense constitutes a denial of a fair trial. The court frequently recites the rule that a party may not argue on appeal unless he has saved the record below and then proceeds to review.

Douglas Rendleman, *The Scope of Review in Criminal Appeals and the Iowa Judgment on the Record Statute*, 22 Drake L. Rev. 477, 490–91 (1973) (footnotes omitted).

As a result of Iowa Code section 793.18, prior to 1978, we had the authority to set aside a conviction where there was insufficient evidence to prove an element of the offense and the defendant, therefore, had not received a fair trial, regardless of whether the defendant had moved for a judgment of acquittal or directed verdict. *See, e.g.*, *State v. Cowman*, 212 N.W.2d 420, 422 (Iowa 1973) ("This point was neither raised by defendants in motion for directed verdict at the close of all evidence nor in motion for a new trial. Thus this challenge could be deemed waived. Nonetheless, we have reviewed the record carefully in light of § 793.18, The Code." (citation omitted)); *State v. Olson*, 149 N.W.2d 132, 136 (1967) ("We will not, however, let a finding of guilt stand if upon examination of the record under Code section 793.18 we are convinced it shows a fair trial was not had. A conviction notwithstanding absence of an essential element of the crime charged amounts to denial of a fair trial." (citations omitted)); *State v. Mabbitt*, 135 N.W.2d 525, 528 (Iowa 1965) ("We will not, however, let a finding of

guilt stand if upon examination of the record under [Iowa] Code section 793.18 . . . we are convinced it shows a fair trial was not had.").[6]

Then guess what? In 1978, the new criminal code took away this authority. Iowa Code section 793.18 was replaced by the narrower provision in section 814.20. *See* 1976 Iowa Acts ch. 1245, § 1420 (codified at Iowa Code § 814.20 (1978)). Section 814.20 provides that an appeal "shall not be dismissed for an informality or defect in taking it if corrected as directed by the appellate court." Iowa Code § 814.20 (2019). In other words, we have the authority to disregard technical errors in taking the appeal if corrected, but not to disregard *any* technical error.

Since 1978, therefore, we have not relied on earlier caselaw that allowed us to excuse the filing of a motion for directed verdict in the interests of assuring the defendant received a fair trial. Instead, until recently, we typically held that an attorney committed ineffective assistance of counsel by failing to move for a directed verdict where a meritorious challenge to an element of the state's case existed. That allowed us to review the sufficiency of evidence even though defense counsel had failed to make a proper directed verdict motion.

---

[6]To support its hypothesis that "this court messed up the law" rather than the alternative hypothesis that "the legislature changed the law," the majority cites only one example of a pre-1978 sufficiency of the evidence case that failed to expressly recognize our authority to disregard the failure to file a motion for directed verdict when necessary to assure a fair trial. *See State v. Leonard*, 243 N.W.2d 887, 893 (Iowa 1976) (en banc). The majority's other examples came after the legislature changed the law. And in *State v. Leonard*, the fairness of the trial clearly wasn't at issue because the evidence was clearly sufficient to allow a jury to find that the defendant "intended to kill" the victim. *See id.* at 889, 893 (noting that the defendant pulled a pistol on the victim, made him drive, had him stop, and then fired three shots in his direction after he got out of the car, one of which struck the defendant below the right shoulder blade).

However, in 2019, the legislature closed this door. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2020)) (requiring ineffective-assistance-of-counsel claims to be brought in postconviction proceedings). But it didn't reopen the other door it had closed back in 1978.[7]

Where does that leave us? It is the majority—not our distinguished colleagues from fifty years ago—who are disregarding a long line of Iowa authority to create new law. Moreover, they are directly flouting what the legislature did in 2019. And all without the benefit of any adversarial briefing.

Accordingly, there is nothing onerous about requiring defense counsel at trial to specify the element of the crime the state failed to prove. *See, e.g.*, *State v. Ross*, 845 N.W.2d 692, 700 (Iowa 2014) ("Trial counsel is required to make a specific objection in his or her motion for judgment of acquittal in order to preserve error."). If the motion is well taken, this gives the district court the opportunity to dismiss the case then and there and avoid the cost and delay of an appeal. It gives the prosecution a chance to be heard at trial as to how and why the evidence is sufficient or to move to reopen the record to close a gap in

---

[7]The majority quotes *State v. Knupp* to suggest that Iowa Code section 814.20 doesn't limit our jurisdiction, noting we said there that "section 814.20 is a general statute encompassing the entire gamut of our appellate authority in criminal appeals." 310 N.W.2d 179, 183 (Iowa 1981). That quotation sounds like it might support the majority's position if you read it alone, but the majority has taken it severely out of context. Here's the full quotation:

> It is apparent that section 814.20 is a general statute encompassing the entire gamut of our appellate authority in criminal appeals. Section 902.1 is a specific provision that applies only in limited situations, class "A" felonies. Assuming an irreconcilable conflict between the two statutes, the specific provision prevails as an exception to the general provision. § 4.7, The Code.

*Id.* In other words, we were making the point that section 814.20 is a general statute, as contrasted with another statute that is more specific. We weren't saying that section 814.20 gives us all the authority an appellate court could possibly have.

the proof. *See State v. Long*, 814 N.W.2d 572, 577 (Iowa 2012) ("It is well settled that a district court is given broad discretion to allow a party to reopen the record and introduce evidence that was previously omitted."). Otherwise, defense counsel is motivated to sandbag. Finally, we get the benefit of a district court ruling on the sufficiency of the evidence, from the perspective of the presiding judge who had a front-row seat for the trial.

All of this is basic error preservation 101. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). After all, we are "a court of review, not of first view." *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 413 (Iowa 2017) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). And "[w]e do not ordinarily overrule our precedent sua sponte." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 645 n.4 (Iowa 2019) (quoting *Est. of McFarlin v. State*, 881 N.W.2d 51, 59 (Iowa 2016)); *see also Feld v. Borkowski*, 790 N.W.2d 72, 78 n.4 (Iowa 2010) ("[W]e do not create issues or unnecessarily overturn existing law sua sponte when the parties have not advocated for such a change."). To the contrary, "[s]tare decisis alone dictates continued adherence to our precedent absent a compelling reason to change the law." *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 594 (Iowa 2015). The majority fails to offer compelling reasons to overturn our precedent.

The majority concludes a motion for judgment of acquittal is unnecessary in part because the defendant's plea of not guilty puts at issue the sufficiency of

the evidence. The Montana Supreme Court found this same reasoning "unconvincing in that a plea is entered before any evidence is presented." *State v. Granby*, 939 P.2d 1006, 1008 n.1 (Mont. 1997). I agree. Under our majority's logic, there would be no need for a motion for directed verdict on the insufficiency of the evidence in a civil jury trial because the defendant's answer to the petition put the evidence at issue.

The majority also justifies today's startling departure by noting we don't require a motion for judgment of acquittal in a bench trial, quoting this sentence from *State v. Abbas*: "In a bench trial, the court is the fact finder and its finding of guilt necessarily includes a finding that the evidence was sufficient to sustain a conviction." 561 N.W.2d 72, 74 (Iowa 1997) (per curiam). The majority fails to quote the preceding sentence: "The purpose of [a motion for judgment of acquittal] is to provide the court with an opportunity to ensure that there is sufficient evidence to support the submission of the case to the jury which serves as the fact finder." *Id.* at 73–74. The majority compares apples to oranges. *See Ennis v. State*, 510 A.2d 573, 582 (Md. 1986) (explaining why a motion for judgment of acquittal is required to preserve error in a jury trial but not a bench trial, stating, "Thus, the concern that a single judge will precipitate a miscarriage of justice in sustaining a conviction on insufficient evidence is simply of less import in a case tried before a jury.").

The majority further justifies today's sea change by noting many other states allow direct appeals of unpreserved insufficiency claims, and we often did so on direct appeal by deciding the related ineffective-assistance-of-counsel

claim. As noted, the Iowa Legislature recently closed the door to that practice. Today the majority makes a deliberate end-run around section 814.7. And it does so while failing to note that in many of the other state court decisions it touts, the legislature of that state or a court rule expressly authorized the resolution of unpreserved insufficiency claims on direct appeal.[8] Our legislature did the opposite in 2019, and is free to close this newly created loophole now.

The majority relies on *State v. Hayes*, 681 N.W.2d 203, 214 (Wis. 2004) ("[A] challenge to the sufficiency of the evidence [may] be raised on appeal as a matter of right despite the fact that the challenge was not raised in the circuit court."). But the majority fails to note that *Hayes* is based on a Wisconsin statute construed to permit direct appeals of unpreserved insufficiency claims. *See id.*

---

[8]*See, e.g.*, *McCoy v. People*, 442 P.3d 379, 385 (Colo. 2019) (en banc) (explaining to require a defendant to move for judgment of acquittal to preserve a sufficiency of the evidence claim would be inconsistent with the Colorado Rules of Criminal Procedure, which state that the party claiming error "need not raise all the issues it intends to raise on appeal in [a motion for a new trial] to preserve them for appellate review" (alteration in original) (quoting Colo. R. Crim. P. 33(a))); *Collins v. State*, 364 N.E.2d 750, 754 (Ind. 1977) (overruling precedent requiring a motion to preserve claims of insufficient evidence because "[t]he plain language of [Ind. R. Trial P. 50(A)(5)] allows a [criminal] defendant to raise sufficiency of the evidence for the first time on appeal"); *State v. Green*, 691 So. 2d 1273, 1275–78 (La. Ct. App. 1997) (holding that an amendment to the Louisiana Code of Criminal Procedure changed "the applicable standard and procedure for resolving, on appeal, the sufficiency issue [and] no longer requires the foundation for the issue to be laid in the trial court" (emphasis omitted)); *Granby*, 939 P.2d at 1008–09 (explaining the plain reading of a Montana statute established that "the *legislature* intended that a reviewing court have the power to provide a comprehensive review of the district court proceedings for sufficiency of the evidence without the necessity of a motion challenging the sufficiency of the evidence in the district court" (emphasis added)); *Commonwealth v. McCurdy*, 943 A.2d 299, 301 (Pa. Super. Ct. 2008) ("Pa. R. Crim. P. 606(A)(7) expressly provides that a challenge to the sufficiency of the evidence can be raised for the first time on appeal."); *State v. Hayes*, 681 N.W.2d 203, 206–14 (Wis. 2004) (interpreting a Wisconsin statute that states, "An appellant is not required to file a postconviction motion in the trial court prior to an appeal if the grounds are sufficiency of the evidence or issues previously raised," as permitting "a challenge to the sufficiency of the evidence for the first time on appeal as a matter of right" (quoting Wis. Stat. § 974.02(2) (2001–02))); *cf. In re Gabriel M.*, 45 P.3d 64, 68 (N.M. Ct. App. 2002) (holding a New Mexico court rule permits review of fundamental issues, including sufficiency of the evidence claims "raised for the first time on appeal"); *People v. Lowery*, 680 N.Y.S.2d 253, 254 (App. Div. 1998) (concluding New York's criminal procedure rules allow appellate courts to review an unpreserved challenge to the sufficiency of the evidence "in the interest of justice").

Unlike our court today, the Wisconsin justices spelled out the strong policy arguments supporting the waiver rule:

> This waiver rule serves several important objectives in sound judicial administration. Failure to raise an issue in the circuit court deprives both the adversary and the circuit court of the opportunity to address the issue and perhaps remedy the defect without the necessity of an appeal. The waiver rule encourages attorneys to prepare for and conduct trials more diligently and prevents attorneys from sandbagging adversary counsel and the circuit court.

*Id.* at 208. Justice Sykes elaborated that the waiver rule "gives deference to the factual expertise of the trier of fact, encourages litigation of all issues at one time, simplifies the appellate task, and discourages a flood of appeals." *Id.* at 223 (Sykes, J., concurring) (quoting *State v. Caban*, 563 N.W.2d 501, 505 (Wis. 1997)). And "the waiver rule encourages attorneys to diligently prepare for and conduct trials . . . . Finally, the rule prevents attorneys from 'sandbagging' errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal." *Id.* at 223–24 (omission in original) (quoting *State v. Huebner*, 611 N.W.2d 727, 730 (Wis. 2000)).

Yet another reason is that

> double jeopardy bars retrial where reversal is based on insufficiency of the evidence. A sufficiency of the evidence objection raised . . . during trial or at the close of the evidence can potentially be cured; [but if] raised for the first time on appeal (whether strategically or otherwise) will, if successful, result in a bar to retrial.

*Id.* at 229 (citation omitted). All of those reasons apply with equal force in Iowa jurisprudence; all are ignored by our court's opinion today.

The majority opinion fails to confront adverse authority. There is no "but see" to be found in its string cites. For but one overlooked example: the New

Hampshire Supreme Court declined to relax its rule "grounded in common sense and judicial economy" requiring a challenge to the sufficiency of the evidence to be first presented to the trial court. *State v. McAdams*, 594 A.2d 1273, 1273–75 (N.H. 1991) (quoting *State v. Johnson*, 547 A.2d 213, 218 (N.H. 1988)) (holding defendant failed to preserve error on insufficiency claim not raised in the trial court). Noting the defense counsel chose not to bring a nonmeritorious challenge to the sufficiency of the evidence on one count, the *State v. McAdams* court concluded, "[I]t would be a waste of judicial resources to adopt a rule requiring this court to hear on appeal claims which would merely be dismissed as frivolous." *Id.* at 1275. Indeed, in Crawford's appeal and in nearly all of the many other decisions cited by our court, on appellate review the evidence was found sufficient.[9] We should trust our trial defense counsel to identify when a motion for judgment on acquittal is warranted.

---

[9]*See, e.g., McCoy*, 442 P.3d at 392 (holding "sufficient direct and circumstantial evidence supported McCoy's convictions"); *State v. Adams*, 623 A.2d 42, 48 (Conn. 1993) ("We conclude, therefore, that the cumulative effect of the evidence was sufficient to permit the jury to find the essential elements [of the crimes charged] and to persuade the jury of the existence of those elements beyond a reasonable doubt."); *State v. Faught*, 908 P.2d 566, 571 (Idaho 1995) ("The evidence in this case of Faught's guilt is overwhelming."); *State v. Foster*, 312 P.3d 364, 373 (Kan. 2013) ("[T]he panel's determination that the evidence was sufficient to support Foster's forgery conviction is affirmed."); *Green*, 691 So. 2d at 1278 (holding that the evidence was legally sufficient to convict beyond a reasonable doubt); *Commonwealth v. McGovern*, 494 N.E.2d 1298, 1301 (Mass. 1986) ("The evidence was sufficient to prove beyond a reasonable doubt that the defendant willfully and maliciously destroyed the . . . property."); *People v. Williams*, 811 N.W.2d 88, 93–94 (Mich. Ct. App. 2011) (per curiam) ("[W]e affirm defendant's convictions based on the evidence presented at the jury trial."); *State v. Vasko*, 889 N.W.2d 551, 558 (Minn. 2017) ("After carefully considering each of the elements . . . , we conclude that the State presented sufficient evidence that Vasko violated the ordinance."); *State v. Skinner*, 163 P.3d 399, 402–03 (Mont. 2007) (finding the evidence sufficient to prove all elements of the offense to support the conviction); *Chism v. State*, 954 P.2d 1183, 1184 (Nev. 1998) (per curiam) ("In this case, our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact."); *State v. Jones*, 744 N.E.2d 1163, 1177–78 (Ohio 2001) ("This evidence clearly establishes, beyond a reasonable doubt, that appellant killed [an officer] with prior calculation and design."); *McCurdy*, 943 A.2d at 302–03 (holding that the evidence was sufficient to support a finding that the defendant was involved in an enterprise to

The federal courts and most states courts that allow direct appeals of insufficiency of the evidence claims without a trial court challenge do so under plain error review. *See, e.g., id.* at 1275 (Batchelder, J., concurring specially) ("New Hampshire is one of only thirteen jurisdictions that have not yet adopted some form of the plain error rule, which allows an appellate court to reverse a decision for 'plain error' or 'manifest injustice,' even where the error was not brought to the attention of the trial court."). We have repeatedly declined to adopt a plain error rule, even after the recent enactment of Iowa Code section 814.7. *See, e.g., State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (holding section 814.7 is constitutional and declining to adopt a plain error rule because "[w]e have repeatedly rejected plain error review"). And Crawford's insufficiency claim would not clear the high bar federal courts set for plain error review.[10]

---

conduct racketeering activity); *State v. Electroplating, Inc.*, 990 S.W.2d 211, 223 (Tenn. Crim. App. 1998) (determining that "[a]fter reviewing the facts presented at trial," the evidence was sufficient to convict the defendant), *abrogated in part on other grounds by State v. King*, No. M2012–00236–CCA–R3–CD, 2013 WL 793588, at *7 (Tenn. Crim. App. Mar. 4, 2013); *Slack*, 784 P.2d at 499 ("Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found defendant guilty of prostitution loitering beyond a reasonable doubt."); *Hayes*, 681 N.W.2d at 217–18 (majority opinion) (holding the evidence was sufficient to support the defendant's conviction); *Thompson v. State*, 408 P.3d 756, 771 (Wyo. 2018) (holding that the state presented sufficient evidence to support the three convictions challenged by the defendant).

[10]*See, e.g., United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021) ("We may overturn a conviction for plain error resulting in insufficient evidence only 'to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process.'" (quoting *United States v. Garcia-Guizar*, 160 F.3d 511, 516 (9th Cir. 1998))); *United States v. Chastain*, 979 F.3d 586, 592 (8th Cir. 2020) (stating that to show plain error based on insufficient evidence, the defendant "must establish that (1) the district court committed an error, (2) the error is clear and obvious, and (3) the error affects his substantial rights. Assuming the first three prongs are met, we will exercise our discretion to correct such an error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" (citation omitted) (quoting *United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020))). Here, the majority correctly concludes the evidence was sufficient to convict Crawford on the drug tax stamp charge. Thus, there was no error, much less any clear and obvious error that results in a miscarriage of justice or undermines the integrity or reputation of the judicial process.

Today our court reaffirms its refusal to adopt plain error review, yet now allows direct review of unpreserved insufficiency claims based on a false premise—that unlike objections to instructions or to the admissibility of evidence, an insufficiency of the evidence claim won't "change the course of trial process itself." That is simply untrue. As noted in the opinions ignored by today's majority, requiring a motion for judgment of acquittal can lead to dismissal of the charge without an appeal, or reopening the record to cure the insufficiency. *See Long*, 814 N.W.2d at 577–84 (reviewing grounds to allow the state to reopen the record).

The *McAdams* court elaborated on the reasons against deciding unpreserved insufficiency claims for the first time on direct appeal:

> First, appellate courts will not be required to expend time and energy . . . [where] no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the [objection] requirement . . . remove [s] [any] advantage [to] the unprepared trial lawyer who [would look] to the appellate court to compensate for his trial omissions.

*Id.* at 1275 (majority opinion) (omissions and alterations in original) (quoting *Dilliplaine v. Lehigh Valley Tr. Co.*, 322 A.2d 114, 116–17 (Pa. 1974)). Other states are in accord.[11] By ignoring those rationales, our court plays the role of an advocate for one side.

---

[11]*See, e.g., English v. State*, 457 So. 2d 458, 458 (Ala. Crim. App. 1984) ("It has long been the established law in this state that the sufficiency of the evidence is not subject to review by

The majority argues that defendants, some of whom are incarcerated, should not have to wait additional months or years for their ineffective-assistance claims to be adjudicated in postconviction proceedings when those claims could be decided sooner on direct appeal. Yet the same majority excuses the defense counsel's failure to file a motion for judgment of acquittal at trial, the fastest and best procedural option for early relief. And the majority's argument rings hollow, because our court recently rejected an equivalent argument championed in Justice Appel's dissent in *State v. Treptow* that due process required allowing adjudication on direct appeal of the defendant's claim that his guilty plea lacked a factual basis. *See* 960 N.W.2d at 103–08 (rejecting constitutional challenges to Iowa Code section 814.7); *id.* at 115–16 (Appel, J., dissenting). The *Treptow* majority saw no constitutional infirmity last year in making a defendant wait for postconviction proceedings for a determination whether his conviction was supported by a factual basis. *Id.* at 103–08 (majority opinion). In both cases, the reviewing court examines the factual record to determine whether it legally supports the conviction. If Crawford's insufficiency claim can't wait for postconviction proceedings, why could Treptow's? Was *Treptow* wrongly decided? The majority today appears to walk back what we said in that case:

---

this court unless the appellant has challenged such evidence by a motion to exclude the State's evidence, motion for judgment of acquittal, request for the affirmative charge, or through a motion for new trial filed in the trial court."); *F.B. v. State*, 852 So. 2d 226, 229–31 (Fla. 2003) (reaffirming "longstanding rule that claims of insufficiency of the evidence must be specifically preserved for appellate review"); *Commonwealth v. Blair*, 592 S.W.2d 132, 133 (Ky. 1979) (requiring motion for directed verdict to preserve sufficiency of the evidence challenge for appellate review); *Ennis*, 510 A.2d at 578–79, 582 (same).

> There is no due process right to present claims of ineffective assistance of counsel on direct appeal. Due process merely requires an opportunity to present those claims in some forum. For half of a century, Iowa, like most states, has resolved claims of ineffective assistance in postconviction-relief proceedings and not direct appeal. Iowa Code section 814.7 is consistent with that practice and does not violate due process.

*Id.* at 108. My dissent today is consistent with *Treptow* and honors the legislative directive in section 814.7 to defer ineffective-assistance claims to postconviction proceedings. Our court previously followed the majority's approach that it was best it address all constitutional defects with convictions if possible to do so on direct appeal. But the legislature overruled that approach in 2019.

After many pages justifying an ill-advised retreat from stare decisis and our longstanding, sound principles of error preservation, the majority reaches the merits, and unsurprisingly, correctly finds the evidence sufficient to support Crawford's conviction. Perhaps that is why his trial counsel didn't bother with a motion for judgment of acquittal. I too would affirm Crawford's drug tax stamp conviction. But I would do so without overruling precedent and changing our longstanding error preservation requirements.

Christensen, C.J., and Mansfield, J., join this concurrence in part and dissent in part.